Lawton and Box vs. Adams.

WILLIAM J. LAWTON and GILBERT BOX, plaintiffs in error, vs. FARLEY B. ADAMS, defendant in error.

*One joint tenant cannot maintain ejectment against another, unless the defendant does something which amounts to a disclaimer of the title of his co-tenant, or which is inconsistent with his right of property, in the premises.*

Ejectment, in Floyd Superior Court. Tried before Judge HAMMOND, February Term, 1859.

This was an action of ejectment by Farley B. Adams, lessee, against William J. Lawton and Gilbert Box, tenants in possession, to recover lot of land No. 272, in the fourth district and fourth section of originally Cherokee, now Floyd county.

The action was commenced in April, 1849. In March, 1853, the declaration was amended laying a demise to plaintiff for the one undivided half of said lot, and from which defendants have ejected him.

Defendants pleaded the general issue, and the statute of limitations.

The jury found for the plaintiff one undivided half of the land described in the declaration, and five hundred dollars for *mesne* profits. Whereupon, defendants moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to evidence and against the weight of evidence.

2d. Because the verdict was contrary to law.

3d. Because the Court erred in refusing to charge the jury, that the amendment of the declaration in 1853, did not and could not relate back to the commencement of the suit, and if the statute of limitations was a bar in 1853, the defendants are protected.

4th. Because the Court erred in refusing to charge the jury, that one joint tenant or tenant in common, cannot maintain ejectment against his co-tenant, without proving an actual ous-

ter or refusal to let him into possession.    But charged, that it was necessary that there should be an ouster, but it might be proved by any act on the part of defendants, that amounted to an assertion of title to the whole premises, such as refusing to let plaintiff into possession, selling the whole, &c.

5th. Because the declaration could not be amended, after the action was barred by the statute of limitations.

6th. Because seven years possession under title or color of title, creates a perfect title in defendants, and plaintiff cannot recover in ejectment.

7th. Because the amount found by the verdict for *mesne* profits is excessive, contrary to and not supported by the proof, and the jury made no allowance for improvements made by defendants, and plaintiffs could not recover for *mesne* profits prior to his amendment in 1853.

8th and 9th. Because one joint tenant or tenant in common, cannot recover from his co-tenant without giving notice of his title, and proving demands, and actual ouster, or refusal to admit him into the possession, and there was no evidence of such notice, demand, and ouster or refusal.

10th. Because title must vest at the time the service is laid, and the declaration cannot be amended afterwards.

The Court overruled the motion for a new trial, and defendants excepted.

W. J. Lawton; and Underwood, for plaintiffs in error.

A. J. Hansell ; and Warren Akin, *contra.*

*By the Court.*—Lumpkin J. delivering the opinion.

There are ten assignments of error in this bill of exceptions; but when simmered down, there are in fact but three points in the case.

1st. As to the ruling of the Court, respecting the allowance of the amendment made in 1853; and the effect of that

Lawton and Box vs. Adams.

amendment upon the plea of the statute of limitations, we see nothing wrong.

2d. As to the *mesne profits*, this was a question of fact for the jury; and the evidence being conflicting, we would not disturb the verdict upon that ground. But,

3d. We must think, the verdict of the jury contrary to law, and that a new trial should have been awarded, for the reason, that until the repudiation on the trial, by Farley Adams of his deed to Hudson, on the plea of infancy, he, Lawton, the vendee of Hudson, held the land in dispute, not as the co-tenant of the plaintiff, Adams, but in severalty. And that no act or declaration of Lawton's, made prior to the commencement of the suit, can be relied on, to entitle Farley Adams to maintain this action against him, as joint tenant. In other words, that inasmuch as one joint tenant cannot bring ejectment against another, until the co-tenant in possession, has said or done something which amounts to a denial of the right of the other tenant, and Lawton was holding in severalty when the action was commenced, and the plea of infancy set up and sustained; there was no cause of action at the time the suit was brought, and the case must on that account fail.

The plaintiff and his brother, the acknowledged owners of the land, convey it to Hudson, and Hudson to Lawton. Lawton treats it as his own, as he had a right to do. The first demand made by Farley Adams, one of the feoffors, to be let into the land, is a writ. He seeks to protect his possession under the joint deed from Farley Adams and his brother. In reply to this, Farley Adams plead infancy to his deed, and the jury find for the plea, and then for the first time, he becomes in law, the joint tenant with Lawton; Lawton's title was good until this act of repudiation. It was optional with the plaintiff to disaffirm or not, the title which he had made. But not having done this, until after he had sued, his action was premature. It may be, that Lawton may prefer to surrender, or rather to let Adams in, rather than incur the ex-

pense of litigating. He is entitled to the opportunity or choice of doing so. Should he continue to resist the right of Adams, the suit will be resumed, and the present action will constitute a demand to sustain it.

It may look hard to oblige Adams to submit to the payment of costs in this case; and be kept out of his rights still longer, after so much delay has occurred. But reason as well as all the analogies of the law, sanction and require it. In most cases, one may demand their rights by suit, without any previous request. But in all such cases, the obligation rests upon the defendant to tender satisfaction. But in trover, there must be proof of conversion, or of a demand and refusal, from which a conversion will be inferred, before an action will lie. If an overseer agrees to work for a part of the crop, a demand must be made before he is entitled to compensation in money.

By pleading infancy in this case, the plaintiff has put himself upon strict law, he cannot complain therefore, if strict law be meted out to him. The law governing this case, is definite and definitely presented. It may well be asked, why did not Farley Adams before suing, notify Lawton, that he disaffirmed the conveyance to Hudson, and claimed to be let into the joint occupancy of the premises?

Judgment reversed.