## HOGG *v.* GAMMON.

1. There being evidence in this case under which the jury would have been authorized to find in favor of the plaintiff as to a part of the premises in dispute, and in favor of the defendant as to another portion, the court erred in giving instructions to the jury which in effect directed them to find in favor of the plaintiff or the defendant as to the entire premises in dispute.

2. Grounds of a motion for a new trial which complain that the verdict was contrary to certain portions of the court's charge to the jury present no question for determination by this court.

Submitted July 18, 1906.—Decided January 15, 1907.

Equitable petition. Before Judge Wright. Polk superior court. November 22, 1905.

This case arose upon an equitable petition filed by Mary A. Gammon against Hogg, for the recovery of certain lands and the establishment of a dividing line between the premises of plaintiff and defendant. The premises in dispute are part of lot No. 452

in the 21st district of Polk county, which lot was originally owned by one Moultrie, from whom both plaintiff and defendant derive title. The deed under which plaintiff claims describes the lands contended for by her as follows: "So much of lot of land No. 452 . . as lies on the west side of line running through said lot and straight with a line from ——————— dividing the lands of said Whatley from the lands of Wm. Hogg, containing eight acres, more or less." Plaintiff alleges that the said line dividing the lands of Whatley from the lands of Hogg, referred to in the above deed as fixing the line in dispute, has been changed since the date of said deed, and is not now a straight line, and can not be relied upon for the purpose of locating the line in controversy. And plaintiff further contends that the line sought by her to be established as the true dividing line had been acquiesced in as such by the adjacent owners for the time required by law; and she claims the lands lying west of said line by prescription. The evidence upon this issue was voluminous and conflicting. Said dividing line was intersected some distance from its southern extremity by a wagon road running east and west, south of which road the line contended for by plaintiff deflected considerably from a straight course. There was evidence from which the jury might have found that plaintiff had been in actual possession of the lands north of this road by using the same as a pasture; but there was no pasture on the lands in controversy south of said road, and the evidence was conflicting as to whether plaintiff or defendant was in possession of the lands south of this road. The jury returned a verdict in favor of the plaintiff, for the entire tract in controversy. The defendant made a motion for a new trial, which was overruled, and he excepted.

*Mundy & Mundy*, for plaintiff in error.

*Bunn & Trawick*, contra.

BECK, J. (After stating the facts.)

1. In this action, the same being equitable in its character, "to recover land and establish a dividing land line," the plaintiff insisted upon a certain line, and the defendant upon another, as the true dividing line between them. Under the evidence the jury would have been authorized to find that neither line was the true dividing line, but that for a part of the distance the one insisted upon by the plaintiff, and for the remainder of the distance the one insisted

upon by the defendant, was, under the law and the evidence, the true dividing line. Consequently it was error for the judge to charge the jury, as a part of his instructions to them, that "if you believe that the plaintiff ought to recover in this case, the form of your verdict ought to be, 'We, the jury, find for the plaintiff the land in dispute, and that the land line as set out in plaintiff's petition be the land lying between the parties.' If you find for the defendant, gentlemen of the jury,—that is, against the prayers and allegations of the petition—the form of your verdict will be, 'We, the jury, find for the defendant;' " because, in effect, such instructions amounted to a direction to the jury to find either for the plaintiff the entire premises in dispute, and the establishment of the dividing line as prayed for by her, or a finding for the defendant; thus taking from the jury the right to find for the plaintiff all, or such part of, the premises in dispute, and to establish the dividing line as the testimony might in their opinion authorize. Under the evidence in this case it was a question for the jury to determine whether the plaintiff, if entitled to recover at all, was entitled to recover all the land claimed by her, or a part thereof, and to determine whether the dividing line should be established altogether as claimed by her, or partly so, or as contended by defendant. But the natural effect of the instructions quoted was to constrain the jury to believe that whether they found for one or the other party to the case, their verdict should be for the entire premises in dispute.

2. The ruling announced in the second headnote is based upon several decisions of this court. See *Shearouse* v. *Morgan,* 111 *Ga.* 858, and *Bowden* v. *Bowden,* 125 *Ga.* 107.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*