Submitted July 4,—Decided August 13, 1907.

---

## ALEXANDER *v.* THOMPSON.

The misinstruction excepted to required a new trial.

Argued May 29,—Decided August 13, 1907.

Equitable petition. Before Judge Roan. Campbell superior court. October 12, 1906.

*Joseph W. & John D. Humphries,* for plaintiff.

*James F. Golightly,* for defendant.

FISH, C. J. Simon Alexander brought an equitable petition against J. M. Thompson, to have established as the true line dividing certain lands of the petitioner and lands of the defendant, a line alleged to have been agreed upon by them, and to recover all of the land lying west of such line in possession of the defendant. There was a verdict for the defendant; and the case is here for review, upon exception to the overruling of the plaintiff's motion for a new trial. The contention of the petitioner was, that the county surveyor, at the instance of petitioner and defendant, had run a given line on the east side of petitioner's land and dividing it from the land of defendant, which surveyed line the parties had agreed was the true line between their lands, and that defendant was in possession of a strip of land on the west side of this line which belonged to petitioner. The defendant contended that he had never made any such agreement; that the line claimed by petitioner was not the true line, but an old hedgerow, which extended for more than one half of the distance between the lands of petitioner and defendant, and a line which would correspond with and be a continuation of the line upon which the old hedgerow was situated was the true line; and that such hedgerow had been recognized as the true line for twenty-five or thirty years by the coterminous landowners, they having, respectively, cultivated up to such hedgerow. The court charged the jury, in effect, that if they should determine that the hedgerow line, as contended for by defendant, was the true line, then the plaintiff could not recover. The plaintiff claims that this charge was erroneous, for the reason that it appeared from the evidence that the old hedgerow was west of the surveyed line, claimed by plaintiff as the true line; that the suit was for the recovery of all of the land in possession of the defendant, west of this last-mentioned line; that the hedgerow line was west of the surveyed line, and there was evidence that the defendant was in possession of some of the land west of such hedgerow line; and such being the case, the plaintiff was in any event entitled to recover such portion of the premises sued for as lay west of the hedgerow line from the

defendant. We are of opinion that the exception to this charge was well taken. There was evidence from which the jury could have found that the defendant was in possession of a small piece of land west of the hedgerow line; and where an action is brought for an entire tract of land, the plaintiff may recover a portion thereof, if he shows title to the same, and the verdict specifies with certainty such portion as is found to be the property of the plaintiff. *McCullough* v. *East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 275 (32 S. E. 97). As there was evidence which would have authorized the jury to find for the plaintiff all of the land which the defendant was in possession of lying west of the hedgerow line, it was error for the court to instruct the jury that if they found that line to be the true line, the plaintiff could not recover. *Hogg* v. *Gammon,* 127 *Ga.* 296 (56 S. E. 404).

There was no merit in the other ground of the motion for a new trial, complaining of a charge which was a quotation from a code section, which was pertinent to the issue on trial.

*Judgment reversed. All the Justices concur.*