## BOWEN et al. v. NELSON.

1. The action was complaint for land, and involved the construction of a will. It was tried by the judge upon an agreed statement of facts, with consent that he pass upon all questions of law and fact without a jury. Among other things the statement of facts contained stipulations by which it was conceded that if the will was sufficient in law to amount to a valid devise of any interest in any land to the plaintiffs, the land so devised was the land in dispute, and that the plaintiffs were entitled to recover it in fee.

2. Construed in its entirety, the description of the land alleged to have been devised to the plaintiffs was not sufficiently definite to amount to a valid devise in severalty, but was sufficient to amount to a devise to them as tenants in common with another to a definite part of the testator's plantation; and under the construction of the agreed statement of facts announced in the first headnote, it was erroneous for the judge to hold that the land in dispute was not devised to the plaintiffs.

3. The plaintiffs were not seeking to establish any affirmative equitable relief, but relied for recovery on an alleged legal title in an action at law. Under these circumstances, the case was not one for the interposition of an equitable bar by laches.

(a) There was no right of entry by the remaindermen until after the death of the life-tenant. Sufficient time did not elapse, between that event and the date of the commencement of the action, for the ripening of a prescriptive title.

JANUARY 10, 1911.

Complaint for land. Before Judge Martin. Pulaski superior court. December 31, 1909.

*W. L. & Warren Grice* and *Herbert L. Grice,* for plaintiffs.

*H. E. Coates* and *H. F. Lawson,* for defendant.

ATKINSON, J. The action was complaint for land. Willis Bowen and others, who were children of Josephine Bowen, formerly Josephine Whitfield, were plaintiffs, and C. A. Nelson, was defendant. The case was submitted to the judge upon an agreed statement of facts, under a consent that he pass upon all questions of law and fact without a jury. His finding was in favor of the defendant, and the plaintiffs excepted.

1. The plaintiffs relied for title on the third item of the will of Reuben Whitfield, who died seized and possessed of the land. They claimed as tenants in remainder, after termination of an alleged life-estate vested in their mother. On the question of title the case was made to turn on the construction of the will, and particularly the third item thereof, which was in language following, to say: "I do loan to my daughter, Josephine, half the planta-

tion whereon I now live, comprising the house side of Long Branch, one negro woman named Patience, and one girl named Susan, and one boy named Zachariah Taylor, for her own use and benefit, they not being subject to any debt coming against her husband during her natural life and then to be equally divided among her children; in case she dies without lawful children, the woman Patience shall go to Chas. P. N. Whitfield, and the girl Susan shall go to Pinkney Whitfield, and Zachariah Taylor shall go to Napoleon Whitfield and to stand as loaned property as the other does." The defendant claimed to have derived title traceable back to Reuben Whitfield, and the agreed statement of facts recited, among other things: "The land sued for is the same land as that claimed in the item above quoted (item 3), and referred to therein as the house half of testator's said plantation whereon he lived, known as the house side of Long Branch; provided, it should appear in law or in equity that the said testator's will as a whole, or the third item thereof, describes and conveys title to any real property." Also: "This agreement is subject to any legal objection that defendant can raise as to the legal sufficiency of the will as a whole, or the third item thereof; and nothing in the agreed statement of facts shall be considered as a waiver on the part of the defendant to urge any objections to the validity of the will or the third item thereof as a muniment of title in plaintiffs' chain of title." Also: "It is agreed that if the plaintiffs have any interest whatever in the land sued for, they are to recover the whole of the fee." The effect of these stipulations was to concede that if the will was sufficient in law to amount to a valid devise of any interest in any land to the plaintiffs, the land so devised was the land in dispute, and that plaintiffs were entitled to recover it in fee.

2. To construe item three of the will, it must be considered in connection with all other parts of the will and such extrinsic evidence found in the agreed statement of facts as would tend to elucidate the language of the testator and manifest his intention. It was agreed that the plantation mentioned in item one of the will was the only land ever owned or possessed by the testator, Reuben Whitfield, and that the land sued for comprised only a part of that plantation. By item one a devise was made to Rhoda Whitfield, wife of testator, of certain slaves, household and kitchen furniture, live stock, and other personal property, and among other

things it was declared: "My will and desire is that she shall live on the plantation during her natural life." Item three was as quoted in the first division of this opinion. That was the particular provision of the will under which the plaintiffs claim as remaindermen. Item four was as follows: "I do give to my son Pinkney half the land lying on the house side of the Long Branch, and one negro boy named Enoch, also one buggy; and in case Pinkney should die without lawful children, the said land shall go to Chas. P. N. Whitfield and the said negro boy shall go to Napoleon to stand as his other loaned property." In item six a devise was made to Napoleon B. Whitfield, son of the testator, for his life, and at his death to be divided equally among his wife and lawful children, of certain personal property, and "all the land on the side of the Long Branch whereon he lives, and the mill and the privilege of cutting dirt or timber for repairing the mill or dam on each side of the mill; also the right to raise the water to any height he may deem proper; also the heirs shall have the grain ground toll free." The second and fifth items related to devises to his daughter, Rhoda Emily King, and his son, Charles P. N. Whitfield, both of which referred exclusively to personal property, and neither of which included land. It was contended that the descriptive averments of item three of the will, when considered in connection with the entire will, were too vague and indefinite to be capable of application to any particular land or to amount to a valid devise of land to the children of Josephine Bowen. The devise would not be invalid if, by the aid of extrinsic evidence, the description given could be applied to any particular land, and the intention of the testator with reference thereto could be ascertained. The testator had only one plantation, and on that he resided. It sufficiently appears from the record that Long Branch ran through that plantation, and that the testator's house was on one side, while the residence of his son, Napoleon B. Whitfield, was on the other side. This is inferable from the language expressed in items three and six of the will, considered in connection with the stipulation in the agreed statement of facts that the testator had only one plantation. Item three reflects the intention of the testator to devise to his daughter, Josephine, for life, with remainder to her children, that part of the plantation which comprised "the house side of Long Branch,"

which should be interpreted as the side of the branch on which the testator resided. By the next, or fourth, item of the will a devise was made to his son, Pinkney, of half of the land lying "on the house side of Long Branch." Except for the devise to Pinkney it would have been proper to have construed item three as devising all of the land on the house side of Long Branch to Josephine and her children. The mere conflict in the two devises is not to be regarded as wholly destroying both of them, but, on the contrary, they should be construed together, and both made to stand if possible. The later expression, under which a devise of half of the land on the house side of Long Branch is made to Pinkney, must be given effect, although it no doubt conflicts with the former expression, and will reduce the amount of land devised to Josephine and her children; but the devise to them is not thereby wholly destroyed, but leaves half of it intact. Both items, considered together, mean that Josephine and her children are to take half of that part of the plantation lying on the house side of Long Branch, and Pinkney is to take the remaining portion. This still leaves it indefinite as to which half should go to one, and which to the other. The will makes no provision which designates the dividing line between the land devised to Josephine and her children and that devised to Pinkney. Under these circumstances, there would be no devise to either of them of particular land in severalty. The devise of a life-estate to the wife of the testator by item one of the will does not affect the construction to be placed on items three and four, and need not be further referred to, as it appears that the widow was dead before the commencement of the suit. The devise to Napoleon B. Whitfield, contained in item six, was clearly a devise in severalty of that part of the plantation situated on the opposite side of Long Branch from where the testator resided, and did not extend to any part of the plantation on the house side of Long Branch. If there were a failure of the devise in question on account of indefiniteness of description, it must be merely because the lines of division between the land devised to Josephine and her children and that devised to Pinkney were not specified. It is competent by extrinsic evidence to locate that part of the plantation which lay on the house side of Long Branch; and a devise which was not more specific in matters of description would not be void. See *Harriss* v. *Howard,* 126 *Ga.* 325 (55 S. E. 59).

Nor would the mere fact that there was a failure to devise it in severalty to Josephine and her children of the one part, and to Pinkney of the other, cause the devise to fail, but the devisees would take as tenants in common all that part of the plantation which lay on the house side of Long Branch. See Page on Wills, § 588; Heller v. Heller, 147 Ill. 621 (35 N. E. 798). It thus appears that by the terms of the will some interest in the land on the house side of Long Branch was bequeathed to the plaintiffs. This being so, it was not essential, under the agreed statement of facts, for the plaintiffs to go further and identify that interest as such in the land in dispute; for it was stipulated that if the will was sufficient to devise any land and any interest therein to the plaintiffs, the land so devised was the land in dispute, and the interest was the fee. The judge should not have held that there was no valid devise of the land in dispute to the plaintiffs.

3. The judge also held that the defendant had established a prescriptive title, and that the plaintiffs were barred by laches. But the action was the statutory complaint for land, and the plaintiffs did not seek to obtain any affirmative equitable relief, but relied for recovery purely on their title in an action at law. Under these circumstances, the case was not one for the interposition of an equitable bar. Tarver v. Deppen, 132 Ga. 800 (65 S. E. 177). The plaintiffs did not have a right of entry until the death of Josephine, the life-tenant, and the suit was instituted within less than seven years after that event. Consequently the evidence was insufficient to establish title in the defendant by prescription.

Judgment reversed. All the Justices concur, except Fish, C. J., absent.