### HAMMOCK *v.* MARTIN *et al.*

GEORGE, J. A deed executed "between E. F. Hammock, . . of the first part, and Mrs. Mazie L. Hammock and her children by me [grantor] begotten, . . of the second part," after reciting that the grantor, "for and in consideration of the natural love and affection he has for his wife, Mrs. Mazie L. Hammock, and her children by me begotten, and ten dollars in hand paid," granted "unto the party of the second part, heirs and assigns," certain lands (describing the land). Immediately following the description, the deed contained this clause: "The property above conveyed is for the sole use of my said wife, Mrs. Mazie L. Hammock, while in life, and her children by me begotten; and should my said wife, Mrs. Mazie L. Hammock, precede me in death, then in that case the said property here or by this deed conveyed is to again revert back to me without an administration, so far as her interest may appear, appear by number of children." The habendum and tenendum clause was as follows: "To have and to hold the said above-granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, their

heirs, executors, administrators, and assigns, in fee simple," with the usual warranty of title. The wife survived the grantor. *Held:*

1. The deed conveyed to the wife and her children by the grantor a tenancy in common for the life of the wife, with remainder to the children as to her interest. Under the deed she did not take an estate for life in the whole of the property.

2. It follows that a petition for partition and accounting, filed by one of the children of the wife and the grantor (the petitioner and other children being in life at the time of the execution of the deed), was not subject to demurrer upon the ground that the wife, under the deed referred to in the preceding note, was entitled to the entire use of the land for life, and that the petitioner and the other children had no interest in the land until after the death of the wife.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 710.    APRIL 12, 1918.

Partition, etc. Before Judge Kent. Twiggs superior court. November 1, 1917.

*L. D. Shannon* and *F. Chambers,* for plaintiff in error.

*L. D. Moore,* contra.