HARLOWE <i>v.</i> HARLOWE <i>et al.</i>

GILBERT, J. 1. This is a partition proceeding, which involves the title to land. Therefore this court has jurisdiction. *Hammock* v. *Martin,* 147 *Ga.* 828 (95 S. E. 679).

2. "A deed conveying a part of a tract of land, but not locating the part conveyed, is not void for uncertainty. It operates to convey to the grantee an undivided interest in the whole tract in the proportion that the amount conveyed bears to the amount of the whole tract." Fisher *v.* Keukahi Wailehua, 2 Ann. Cas. 916; Hodge *v.* Bennett, 78 Miss. 868 (29 So. 766, 84 Am. St. R. 652); Jewett *v.* Foster, 14 Gray (Mass.), 495; Gratz *v.* Land & River Imp. Co., 82 Fed. 381 (40 L. R. A. 393); Schenk *v.* Evoy, 24 Cal. 104; 8 R. C. L. 1084, § 141; Devlin on Real Estate (3d ed.), § 1019. See also *McAfee* v. *Arline,* 83 *Ga.* 645 (10 S. E. 441). The conveyance in the instant case did not undertake to convey any specific fifty acres of land. It did undertake to convey a definite quantity of undivided land out of a larger tract composed of parts of three land lots.

3. For the reasons stated in the preceding headnotes, the court erred in dismissing the petition for partition on the ground that the description

in the conveyance was "too vague, uncertain, and indefinite to be effective as a conveyance."

*Judgment reversed.  All the Justices concur.*

No. 4772.  AUGUST 14, 1925.

Application for partition.  Before Judge Yeomans.  Seminole superior court.  January 12, 1925.

Winnie Lou Harlowe filed a petition for partition of land, annexing the conveyance under which she claimed title to an undivided interest.  James L. Harlowe et al. demurred to the petition on the ground that "the description of the property attempted to be conveyed  .  .  is too vague, uncertain, and indefinite to be effective as a conveyance."  The description contained in the instrument relied upon by the petitioner is as follows:  The grantor "owns a one-third undivided interest in and to the west half of lot of land No. 82 in the 27th land district of Decatur County, Georgia, and a one-third undivided interest in the east half of lot of land No. 118 in the 27th district of Decatur County, Georgia, and a one-third undivided interest in the southeast quarter of lot of land No. 199 in the 27th district of Decatur County, Georgia.  Therefore, in consideration of the mutual benefits, and in consideration of the settlement of the litigation that is now pending in Decatur superior court between the parties to this deed, I, the said James L. Harlowe, do hereby grant, bargain, sell, deed, and convey unto Winnie Lou Harlowe, her heirs and assigns, fifty acres of land, undivided, in and to the above-described land.  In other words, the grantor in this deed owns a one-third undivided interest in and to the above-described lands, and he by this deed conveys to the grantee, Winnie Lou Harlowe, fifty acres undivided, in and to the three fractional parts of lots of land above described, and the land hereby conveyed is the same land that we, that is, me and my brother and sister, inherited either through our grandmother or our mother, and which my father now has the deeds to,—that is the deeds are now in his possession.  .  .  It is distinctly understood between the parties to this deed and contract that the fifty acres of land which is conveyed to Winnie Lou Harlowe is undivided, and it embraces, that is a portion of it will be on the west half of lot No. 82, and a portion of it will be on the east half of lot of land No. 118, and a portion will be on the southeast quarter of lot of land No. 199, all in the 27th land district of Decatur County, Georgia.  In other words, to make plain,

the said James L. Harlowe owns a one-third interest in the aforesaid lands, and he conveys to his wife, Winnie Lou Harlowe, fifty acres of his one-third undivided interest in the aforesaid lands, and for that reason he is unable to designate how much will fall on each different tract." On the same day that the instrument above referred to bears date James L. Harlowe made to Winnie Lou Harlowe a warranty deed in the usual form, in which the description is as follows: "fifty acres of land undivided in lots 118 and 82 and 199, 27th district." The court sustained the oral motion upon the ground above quoted, and dismissed the petition. The plaintiff excepted.

*A. E. Thornton,* for plaintiff.

*J. R. Wilson, J. E. Drake,* and *T. S. Hawes,* for defendants.