CATES *et al. v.* DUNCAN, administrator.

No. 9896. APRIL 12, 1934.

*W. L. Nix,* for plaintiffs in error.

*C. N. Davie, J. F. Kemp,* and *Avery & Duncan,* contra.

BECK, P. J. The Court of Appeals certified to this court certain questions, the first of which is as follows: "Where a petition in a superior court alleges that petitioner owns a one-half undivided interest and that defendants own in equal shares the other one-half interest in certain described lands, that defendants are in possession of such lands to the exclusion of petitioner, that petitioner is entitled to an accounting for rents and profits from such lands from a stated date prior to the filing of the petition, and states that petitioner has given twenty days notice of his intention to apply for partition as provided by section 5360 of the Civil Code of 1910, and prays for a writ of partition as provided in section 5361, referring in the petition expressly to such Code sections by number, and prays for an accounting for such rents and profits; and where defendants by answer admit that they are in possession of the lands described, to the exclusion of petitioner, but deny that he has any right, title, interest, or claim in and to the lands or any portion of the same, or to the rents, issues, and profits; and where, in a hearing before the trial judge under such preliminary notice, the plaintiff introduces, as evidence of his title to the lands, a deed under the language of which petitioner claims his title, and defendants contend that he took no title; and where the court, in construing such deed, holds that under its language petitioner is entitled to the one-half interest claimed, and to have the said property partitioned, and has the right of possession and to manage and dispose of such part of said lands, and directs the clerk of the court to issue a writ of partition to certain named freeholders, and such partitioners to execute and make return of the writ as provided by law; and where a writ of error is taken from such a judgment, is such a case one respecting titles to land, under the State constitu-

tion vesting in the Supreme Court jurisdiction of writs of error 'in all cases respecting titles to land'?"

Under the facts set forth in the question, the case is one respecting title to land. Other questions than that of title may be involved, but title to land is clearly involved in the case. The petitioner alleges that he owns a one-half undivided interest in certain lands; that is, that he has title to an undivided interest in those lands, and that defendants are in possession of such lands to the exclusion of petitioner; that petitioner is entitled to the rents and profits from the land for a stated period of time. The defendants, while they admit possession of the lands to the exclusion of petitioner, deny that petitioner has any right, title, or interest in the land or any portion of the same, or to the rents, etc. The petition and answer clearly raise a question respecting title to land and make the case one respecting title to land. A reading of the statement of facts in *Harlowe* v. *Harlowe,* 160 *Ga.* 822 (129 S. E. 98), will show that a like question to the one stated here was involved in that case. The facts showing the title of petitioner and of the other party in that case may be more complicated, but as respecting the question of jurisdiction they raise the same question that is raised here; and in that case Justice Gilbert, delivering the opinion, said: "This is a partition proceeding, which involves the title to land. Therefore this court has jurisdiction." Under that decision this court has jurisdiction of the case referred to in the question, and we are of the opinion that the conclusion reached there was correct. This case differs on its facts from *Frey* v. *Thompson,* 147 *Ga.* 559 (94 S. E. 999); *Grobli* v. *Foreman,* 171 *Ga.* 712 (156 S. E. 622), and similar cases. It follows that the Supreme Court, and not the Court of Appeals, has jurisdiction of the case.

In view of what is said above, it is unnecessary to decide or consider the question whether or not the case is one in equity under the State constitution, vesting in the Supreme Court jurisdiction of writs of error "in all equity cases;" for under the opinion announced this court has jurisdiction of the case and all questions involved therein.                                  *All the Justices concur.*