19610. SAVANNAH RIVER LUMBER CORPORATION
v. SHARPE et al.

Submitted February 11, 1957—Decided March 11, 1957.

*Morris & Morris, Archibald L. Morris, Basil Morris, Dekle & Dekle, Clyde Dekle,* for plaintiff in error.

*Milton A. Carlton, J. P. Cheney, Price, Spivey & Carlton,* contra.

WYATT, Presiding Justice. When this case was previously before this court (*Sharpe* v. *Savannah River Lumber Corp.,* 211 *Ga.* 570), the rulings on the demurrers were under review. This court then said (p. 571), "The trial judge held that the words 'swamp land' furnished a key, and that the description, therefore would be sufficient when aided by parol testimony. . . The court is not judicially informed (Code § 38-112) as to whether or not a line of demarcation may actually exist between 'swamp' land and other lands to such an extent that it might be established by parol testimony. . . It having been held that the words 'pond site' furnished a key to identification, it will not be ruled that, as a matter of law, the words, 'swamp land' are so vague and uncertain that a line of demarcation between 'swamp' lands and other lands might not be established by parol testimony."

Upon the trial of the case, three of the lines were not in dispute. The description as to the other line was, "on the south by other lands of H. A. Jones" (the grantor). The deed relied upon purported to convey "all of the river swamp land," containing 125 acres more or less located on a tract of land containing 333⅓ acres more or less. The ruling of this court when this case was previously considered clearly means that the term "river swamp land" is not sufficient to furnish a key unless the evidence upon the trial is sufficient to establish a line of demarcation between "swamp lands" and other lands. The first question presented, therefore, is whether or not the verbal testimony

was sufficient to establish this line of demarcation between "river swamp lands" and other lands.

With one exception, none of the witnesses attempted to establish any such line of demarcation. There was testimony to the effect that a line of demarcation could be established, but no effort was made to establish such a line. The only witness who attempted to establish a line of demarcation was a surveyor, who prepared a plat which was introduced in evidence and upon which he purported to show a line of demarcation between swamp land and other land. Upon cross-exmination, however, he testified: " . . . It was on the edge of the swamp, it wasn't on the bottom of the hill either it was a pretty good drop down to it, it was right on the edge of the lake in other words. The reason why I took in all these pine trees there that stood between the lake on the south side of this lake and where I chopped the tree, well there are pine trees growing in the swamp. The pine trees were not on the crest of the hill by any means. It was on part of the slope, just like I told you that land slopes all the way to the river. The edge of the swamp would make a general line of a series of curves but it would be pretty hard to make a map. The reason why I didn't show the curves on this southern boundary is because I stayed inside the swamp where I though [sic] was inside swamp so as not to encroach on the high land property. The line that I marked on there is a series of zig-zags. I don't have a curve on there. The line that I have drawn on this plat as being the so-called southern boundary is approximately on the edge of the swamp, within a few feet, a few feet either way. I wouldn't say fifteen or twenty, no sir. I don't think it could be that, no, I think the best way to determine that would be to let the jury go out there and see that line, I think they could tell it pretty quick, they all know river swamp when they see one. This boundary line that I have marked is not precisely on the edge, no, sir, that is an impossibility but you can get it within a few feet." He also testified that he used as a starting point a corner that he did not establish, and that he did not know who had established the alleged corner. He testified that he simply accepted this point as a starting point.

Certain pictures were introduced in evidence, showing a man

standing on what was contended to be the dividing line. These pictures show no difference in the character of the ground or plant life on the two sides of the alleged dividing line.

This court, in considering a deed that conveyed all the land in a certain lot of land, "lying in the southwest corner, all that portion on the south side of a certain little branch running across the corner of said lot containing 40 acres, more or less," said (at p. 18): "The description of the land was not too indefinite to exclude the deeds from evidence, but they would be inoperative as conveyances or as color of title unless the extrinsic proof was sufficient to locate a stream running across the southwestern corner at the date of the deeds, so as to apply the description of the land to the particular subject-matter." *Callaway* v. *Beauchamp,* 147 *Ga.* 17 (92 S. E. 538).

"A metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void. In *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294), the description was sufficient to name a ten-acre tract of land on which a schoolhouse was located in Laurens County; but there was no indication as to the shape of the tract, whether in a square, a parallelogram, a triangle or a circle, thus making it impossible to lay off and identify the particular tract by the use of all the description contained in the deed." *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d 374).

"Descriptive words in a deed to be sufficient as a key must lead unerringly to the land in question. 'But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void.'" *Cross* v. *Nicholson,* 211 *Ga.* 769 (88 S. E. 2d 390).

Applying the above rulings of this court to the facts in this case, it must be held that the plaintiff in the trial court failed to establish definitely a line of demarcation between "swamp land" and other lands. This being true, the verdict rendered by the jury was demanded by the evidence. Since the verdict was demanded, it becomes unnecessary to rule upon the exceptions to the charge of the court.

*Judgment affirmed. All the Justices concur.*