21633.   ADAMS et al. v. ADAMS.

ARGUED MAY 14, 1962—DECIDED JUNE 12, 1962.

*G. L. Dickens, Jr.*, for plaintiffs in error.

*W. George Thomas*, contra.

QUILLIAN, Justice. ■ The initial question for decision is whether this court has jurisdiction. Statutory partition proceedings are reviewable by the Court of Appeals (*Nash v. Williamson*, 212 Ga. 804, 96 SE2d 251; *Anderson v. Anderson*, 151 Ga. 518, 107 SE 334), but where, as in the present case, the quantum of interest of the tenants in common is not the only issue, but there is also involved the issue as to whether one or more of the parties has title to a part of the property, the case is properly brought to this court for review. *Cates v. Duncan*, 178 Ga. 748, 749 (174 SE 380). See also *Newton Mfg. Co. v. White*, 47 Ga. 400, 404.

■ The first special ground contained in each of the defendants' motion for new trial complains that the trial judge refused to allow the defendants to open and conclude the argument to the jury. They contend their respective answers admitted a prima facie case for the plaintiff, and that under the rules of practice they were entitled to the opening and conclusion. In *Wren v. Wren*, 199 Ga. 851, 857 (36 SE2d 77), it is held that where the defendant in a processioning case admits the plaintiff has paper title to the quantum of interest he claims in the lands he seeks to have partitioned, but sets up as a defense the contention that the defendant holds interest in the

lands claimed by the plaintiff under a perfect equitable title, the answer admits such a prima facie case in the plaintiff as entitles the defendant to the opening and conclusion.

The principle pronounced in the *Wren* case, supra, is not applicable to the case sub judice. Here, the petition alleged the plaintiff owns a one-half interest in the land he seeks to have partitioned. The answers of both defendants deny the allegation.

The answer of the defendant Clifton Adams alleged that, under the provisions of a deed from their common grantor, the quantum of interest in the land conveyed to him was 85.5 of the whole and only 14.5 interest was deeded to the plaintiff. It is apparent a prima facie case was not admitted, and the trial judge ruled correctly in permitting the plaintiff, upon whom rested the burden of proving his case as laid in the petition, to open and conclude the argument to the jury.

■ The second special ground of the motion for new trial complains that the trial judge instructed the jury that possession by a tenant in common was not adverse to his cotenant unless the latter was put on notice as to the adverse nature of such possession. The criticism of the charge was that it was not applicable to the issues made by the pleading and evidence. There was considerable evidence submitted on the issue, and the charge was appropriate.

■ The movant Clifton Adams denominates certain numbered paragraphs of his motion for new trial as special grounds. However, he so treats them in his brief and they are in fact mere elaborations of the general ground that the verdict is not supported by evidence. In a brief of much more merit than his case, counsel for the defendants argues that the evidence demanded a verdict in favor of Clifton Adams as to several issues.

We have not overlooked the argument of Clifton Adams that the evidence demanded a finding that the debt due by Mrs. Bowden to him, which constituted a part of the consideration for the deed from Mrs. Bowden to him and his tenant in common, Ben B. Adams, Jr., was $2,000 and not $250 as found by the jury. It is true that he testified, without direct contradiction, that he loaned Mrs. Bowden $2,000 or $2,200, and at another point in

his testimony related the loan was approximately $2,200. We have also considered the testimony of Miss Lucile Adams that it amounted to $2,250.

According to the testimony of these two witnesses the $2,000, $2,200 or $2,250 due by Mrs. Bowden to Clifton was made up of various small loans made by him to her. They were not able to recall the time, amounts or circumstances under which the small loans were made. The only acknowledgment by Mrs. Bowden that she owed Clifton any particular amount was a security deed for $250. The defendants were not able to produce records of or testify concerning the dates or amounts making up the alleged aggregate amount which Clifton Adams claimed to have advanced Mrs. Bowden. He admitted never having revealed the existence of the loan to Ben Adams, his tenant in common, or having apprized him of the fact that it constituted a part of the consideration for the deed. And according to the testimony of the latter, Miss Lucile Adams informed him before the execution of the deed that the title to the lands was clear. It was admitted she was in full charge of Clifton Adams' business. Ben Adams swore he would never have purchased the property if he had known of the existence of the loans.

The only tangible evidence as to any advance made to Mrs. Bowden by Clifton Adams were checks given in 1921-1923 aggregating $461.30, and some of them were not made payable to her. In addition to this, over half of the amount ($234.35) of the checks was paid before a loan deed made by Mrs. Bowden to Clifton Adams on December 27, 1921. Such deed further provided that it was given as security for a debt of $250 as evidenced by a promissory note of the same date and "also any and all renewals of the same and all indebtedness or obligations that I, we, or either of us, may make or incur with or to said Clifton Adams not to exceed in amount the sum of $300 evidenced by promissory notes or other writings, or by open accounts charged on the books of said Clifton Adams, or otherwise." It was a reasonable deduction that the deed covered the amount of her indebtedness to him when the warranty deed was made.

" 'The weight of testimony and the credibility of a witness are peculiarly and exclusively, under the law of Georgia, ques-

tions for the jury.'" *Hancock v. Wilson,* 214 Ga. 60, 61 (2) (102 SE2d 551), and cases cited therein. The jury is not "bound in every case to accept evidence as true although it is not contradicted by direct evidence. It may be inherently subject to discredit, or so from the circumstances." *Lewis v. Patterson,* 191 Ga. 348, 357 (12 SE2d 593); *Stow v. Hargrove,* 203 Ga. 735, 736 (8) (48 SE2d 454).

The evidence adduced upon the trial, together with reasonable inferences that could be legitimately drawn by the jury, amply authorized the finding of the jury, on each of the issues submitted to them.

*Judgment affirmed. All the Justices concur.*