21836. SWINDLE et al. v. CURRY et al.

ARGUED NOVEMBER 13, 1962—DECIDED DECEMBER 5, 1962—REHEARING DENIED DECEMBER 19, 1962.

*Robert R. Forrester, C. Bradford, Maxwell A. Hines,* for plaintiffs in error.

*Vickers Neugent, Edward Parrish,* contra.

GRICE, Justice. Whether the evidence demanded a verdict for the plaintiff in favor of her title is the question for determination here.

This issue grows out of a fictitious form ejectment suit filed in the Superior Court of Lanier County, Georgia, by Marie Powell Curry against G. E. Swindle for recovery of certain land. Additional parties were later made, James Aubrey Curry as a plaintiff and W. C. Banks as a defendant. Upon the trial a verdict was directed in favor of James Aubrey Curry. Upon

consideration of the evidence the jury was unable to reach a verdict and a mistrial was declared. Subsequently, the court awarded a judgment for the plaintiff Marie Powell Curry notwithstanding such mistrial. Error is assigned upon that judgment.

Both sides claimed under the said James Aubrey Curry as common grantor. The plaintiff asserted title to the entire tract and the defendants to the west half of that tract only.

The plaintiff Marie Powell Curry's petition, as amended, named both defendants Swindle and Banks as tenants in posssession. She relied upon and introduced in evidence a chain of title consisting of (1) a deed, dated August 21, 1950, indisputably placing title to the entire tract of 131.3 acres, more or less, in the said James Aubrey Curry, her grantor; (2) another, dated August 3, 1954, from Curry to her conveying a one-half undivided interest to the entire tract; and (3) a quit claim deed, dated February 9, 1959, from Curry to her purporting to convey all of his right and title to the entire tract.

The defendants asserted in their answers and introduced in evidence as their claim of title: (1) a purported partition deed, dated October 16, 1958, between James Aubrey Curry and the plaintiff, which recited that they were tenants in common of the 131.3 acre tract, that they had partitioned and divided said tract between themselves as set forth therein, and that each released, relinquished and conveyed to the other the portion therein agreed to belong to each, to wit, Marie Powell Curry to own the portion on the east side of said dividing line and James Aubrey Curry to own the portion on the west side thereof; (2) a deed, dated February 6, 1959, from James Aubrey Curry to the defendant Swindle purporting to convey the west portion of the tract as described in the partition deed referred to above; and (3) a deed dated February 7, 1959, from Swindle to the defendant Banks, purporting to convey a one-half undivided interest in the property described in the deed from Curry to Swindle, referred to above. In addition, the defendants' answers and evidence included a plat of the entire 131.3 acre tract, with an additional line superimposed to represent the dividing line

claimed by them to have been established by the parties to the partition deed.

The evidence, in addition to the foregoing documents, covered a wide range, but requires recital and consideration only as it relates to the questions of law involved.

The controlling questions, as we view this case, are: first, whether the 1958 partition deed between James Aubrey Curry and the plaintiff Marie Powell Curry is void because of insufficient description, and second, if void, what, if any, interest passed to the defendant Swindle by the 1959 deed from James Aubrey Curry to him.

1. The description in the partition deed is as follows: "All that tract or parcel of land . . . [sufficiently describing the entire 131.3 acre tract] and . . . [the parties thereto] having made partition of the same between themselves, by establishing *a line beginning on the North line of said tract at an agreed point and running across said land in a southerly direction to the South line of said tract,* which said line is intended to separate the respective interests of the parties to this instrument in said tract or parcel of land, [James Aubrey Curry] taking and receiving all on the west side of said line . . . the said [James Aubrey Curry] hereby releases and relinquishes all claim, and conveys all the right, title, and interest he has in and to that portion of said tract of land lying on the East side of said line, to Marie Powell Curry, her heirs and assigns, forever in fee simple; and the said Marie Powell Curry, hereby releases and relinquishes all claims, and conveys all the right, title, and interest she has in and to that portion of said tract of land lying on the West side of said line, to [James Aubrey Curry], his heirs and assigns forever, in fee simple." (Emphasis ours.)

This description is void for lack of definiteness. The beginning point of the dividing line is nowhere established, being recited as somewhere "on the North line of said tract at an agreed point," which point is not disclosed. The course of the dividing line is given only as "a southerly direction to the South line of said tract," which in turn makes the southern terminus of such dividing line uncertain. Furthermore, no recital of acreage or other quantity intended to be conveyed or to exist

on either side of the dividing line is provided. This indefiniteness is not aided by the inclusion of any key to the identification of the land intended to be conveyed, so as to permit introduction of extrinsic evidence. The key must appear in the deed itself, not in some secret and undisclosed agreement recited to exist between the parties. Therefore, we hold that this partition deed falls within the rule that "A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell v. Whitehead,* 121 Ga. 699, 700 (49 SE 691). See also, *Oglesby v. Volunteer State Life Ins. Co.,* 195 Ga. 65, 67-68 (23 SE2d 404); *Hughes v. Heard,* 215 Ga. 156 (2) (109 SE2d 510); Mitchell, Real Property in Georgia (2d Ed.), pp. 87-101, particularly 89-90. The partition deed being void, Curry continued to own a one-half undivided interest in the 131.3 acre tract as one of two tenants in common.

2. We come now to the determination of what, if any, interest passed to the defendant Swindle by the deed executed in 1959 from James Aubrey Curry to him. Was that deed, as the plaintiff contends, void? Or did it invest Swindle with Curry's one-half undivided interest in the entire tract?

The description of the property purported to be conveyed by this deed is as follows: "All that tract or parcel of land . . . [describing sufficiently the entire 131.3 acre tract]," and immediately thereafter, "This deed conveying the west portion of the above described lands as described in a certain deed of partition [between James Aubrey Curry and the plaintiff Marie Powell Curry] to which reference is hereby made."

It is our opinion that this deed conveyed to the defendant Swindle all of James Aubrey Curry's one-half undivided interest to the entire 131.3 acre tract. The last sentence of the description, as to conveyance of "the west portion" of the tract, is ineffective to convey any specific portion of the tract, since, as held in Division 1 of this opinion, the partition deed between James Aubrey Curry and the plaintiff failed to accomplish any division of the tract. However, that sentence does evidence James Aubrey Curry's intent to convey to the defendant Swindle whatever interest he had in the property, and may, to that extent, be given effect. The immediately preceding portion of

the description of the land being conveyed validly describes the entire 131.3 acre tract of which James Aubrey Curry owned a one-half undivided interest and, although not mentioning his quantity of ownership, was sufficient to serve as a conveyance of whatever interest he had. Therefore, the defendant Swindle, by this deed, received Curry's interest and thereby became a tenant in common with the plaintiff of the entire tract. See in this connection, *McAfee v. Arline,* 83 Ga. 645 (10 SE 441); *Bowen v. Nelson,* 135 Ga. 567 (1, 2) (69 SE 1115) (one justice absent); *Harlowe v. Harlowe,* 160 Ga. 822 (2, 3) (129 SE 98).

Swindle's later conveyance to the defendant Banks, predicated upon the deed from Curry to Swindle, above referred to, placed title to an undivided one-fourth of this entire tract in Banks.

3. James Aubrey Curry's later quit claim deed to the plaintiff conveyed nothing since after the above deed to the defendant Swindle he had nothing left to convey.

4. The partition deed between the plaintiff and James Aubrey Curry having accomplished no division and his later quit claim deed to her having conveyed nothing, the only title here shown by the plaintiff is to a one-half undivided interest in the entire tract. She cannot prevail in this action to eject the defendants, tenants in common with her, from the land in question. *Lawton v. Adams,* 29 Ga. 273 (74 AD 59); Powell, Actions for Land (Rev. Ed.), p. 485.

The foregoing rulings render it unnecessary to pass upon other questions presented.

The evidence not demanding a verdict for the plaintiff, it was error to grant her motion for judgment notwithstanding the mistrial.

*Judgment reversed. All the Justices concur.*