22992.   HENDERSON, Administratrix v. FLOOD.

ARGUED JUNE 14, 1965—DECIDED JULY 13, 1965—REHEARING DENIED JULY 26, 1965.

*Walter H. Bolling*, for plaintiff in error.

*Mitchell & Mitchell*, contra.

QUILLIAN, Justice. This is a case in which the administrators of the estate of Minnie Flood West made application to sell a described tract of land. Ludella Flood interposed a claim to a portion of the tract to be sold. On the trial of the claim, the claimant predicated her title to the realty in question upon a parol sale of the property to her by her mother, the intestate. The evidence submitted by her showed requisites of a fully executed parol sale of land by the intestate to the claimer, the proof of the sale being by the testimony of a third party who professed to have witnessed the sale and to have seen its consummation by payment of the purchase money. The same witness and the claimant testified as to her going into possession of the bargained premises. However, the administratrix

contends that the claimant's evidence was insufficient to identify the premises she claimed to have purchased. It is upon this deficiency in the evidence submitted that the administratrix bases her contention that she was entitled to a judgment notwithstanding the mistrial.

In considering the question of whether the evidence sufficiently described the tract of land set out in the claim or any part thereof, the rule is: "no amount of words in . . . a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void." *Savannah River Lumber Corp. v. Sharpe,* 213 Ga. 72, 75 (97 SE2d 303). See *Patrick v. Holliday,* 200 Ga. 259, 261 (36 SE2d 769), where this court found the real estate to be definitely described in the petition, but held as to the evidence that there was no sufficient identification of the property and thus the requirements of the law were not met. Here the deeds referred to in the claim were not introduced into evidence and no evidence was adduced which supported the description of the entire tract of the property claimed.

Nevertheless, there was evidence sufficient to describe and locate a certain house. The house in question was described as the one in which the claimant lived for nine years and now resides. See *Brice v. Sheffield,* 118 Ga. 128 (2) (44 SE 843); *Price v. Gross,* 148 Ga. 137 (96 SE 4); Mitchell, Real Property in Georgia, pp. 90-91 (2d Ed. 1960). The house was further located as being on the property which the administratrix proposes to sell; it was described as being the little house (as contradistinguished from the big house) about 50 feet from the big house; and that there were only two houses on the described property. The house was referred to as the house down the hill or "down there"; there was testimony that it was on the driveway and that it lay on the other side of a hedgerow from the big house; the administratrix referred to it as the "Paxton" house. All these facts, while not definitely pinpointing the exact location of the house, would be sufficient to identify the house. Furthermore, there was evidence that the claimant

bought the house for which she paid a certain sum to the intestate. Hence, there was some evidence of a parol sale of the house.

The rule is well settled that "where an action is brought for an entire tract of land, the plaintiff may recover a portion thereof, if he shows title to the same. . ." *Alexander v. Thompson*, 129 Ga. 255, 257 (58 SE 836). *Bailey v. Jones*, 14 Ga. 384 (2); *Hogg v. Gammon*, 127 Ga. 296 (56 SE 404). Moreover, "the interest which will support a claim under our statute, is any interest which renders the property not subject to the levying fi. fa. or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property." *Butler v. LaGrange Banking &c. Co.*, 177 Ga. 714 (1) (170 SE 918); *Wade & Co. v. Hamilton*, 30 Ga. 450 (2); *Ehrlich & Co. v. King*, 34 Ga. App. 787 (1) (131 SE 524). See *Rowland v. Gregg & Son*, 122 Ga. 819 (50 SE 949); *Deariso & Co. v. Lawrence*, 3 Ga. App. 580 (60 SE 330).

On a motion for a judgment notwithstanding the mistrial the rule is, "where the evidence authorizes a verdict for the plaintiff in some amount, a motion for a judgment notwithstanding the mistrial is without merit." *Tingle v. Kelly*, 94 Ga. App. 138 (93 SE2d 773). See *Ready-Mix Concrete Co. v. Rape*, 98 Ga. App. 503 (5) (106 SE2d 429). Thus, we can not say that there was no issue to present to the jury or that the evidence demanded a verdict for the administratrix.

*Judgment affirmed. All the Justices concur.*