46263.   MEEKS v. KIRKLAND.

QUILLIAN, Judge. Lucille Meeks filed a claim for real property, pursuant to the provisions of *Code* § 113-1801, in the Court of Ordinary of Fulton County. The affidavit set out a claim to a 1/2 interest in certain described property which Talley Kirkland, as administrator of the estate of Tillman Meeks, deceased, has advertised for sale. The affidavit recited that Lucille Meeks had been previously married to Tillman Meeks and had been granted a divorce from him in 1960. Her claim to the land was based on the divorce decree which contained the following provision: "The plaintiff is hereby decreed to have 1/2 of any

interest that the defendant Tillman Meeks, as one of nine children of his father, will receive and have of the real and personal property in his father's Georgia estate, under his father's last will if his father has a valid will at time of his father's death, and if his father has no valid will at time of his father's death, 1/2 of the interest defendant will inherit as an heir at law in property in his father's estate when his father dies."

The claim was duly transmitted to the superior court in the county where the land lies, to wit Coffee County. A motion to dismiss the claim was filed by the administrator of the estate of Tillman Meeks. The trial judge sustained the motion to dismiss the claim and appeal was taken to this court. *Held:*

"Statutory partition proceedings are reviewable by the Court of Appeals, but where there is also involved an issue as to whether one or more parties has title to a part of the property in controversy, the case is properly before this court for review." *Adams v. Adams,* 218 Ga. 67 (1) (126 SE2d 769). See *Harlowe v. Harlowe,* 160 Ga. 822 (129 SE 98); *Cates v. Duncan,* 178 Ga. 748 (174 SE 380). In this case the appellant's claim is predicated on her contention that she has title to a 1/2 interest of the land in question. That being true, the Supreme Court and not this court has jurisdiction of the appeal. See *Hull v. Watkins,* 134 Ga. 779 (68 SE 506); *Cowart v. Strickland,* 170 Ga. 530 (153 SE 415); *Batchelor v. Born,* 177 Ga. 886 (171 SE 724); *Henderson v. Flood,* 221 Ga. 217 (144 SE2d 76), where the Supreme Court has passed upon similar cases without making an express determination as to jurisdiction.

*Transferred to the Supreme Court. Jordan, P. J., and Evans, J., concur.*

ARGUED JUNE 2, 1971—DECIDED SEPTEMBER 20, 1971.

*Wyman C. Lowe,* for appellant.
*Williams & Holton, Elie L. Holton,* for appellee.