## 46721. MEEKS v. KIRKLAND.

CLARK, Judge. This case represents one of two appeals brought to this court by Lucille Meeks against Talley Kirkland as administrator of the estate of Tillman Meeks. In both cases the plaintiff relied upon a divorce decree rendered in 1960 which was eight years prior to the death of her ex-husband, she contending that she was vested with title to an undivided one-half interest in land in Coffee County under the terms of the decree. In the first case the procedure adopted was to file her claim in the Court of Ordinary of Fulton County from which the matter was properly transmitted to the Superior Court of Coffee County. There a motion to dismiss filed by the defendant administrator was sustained. When the appeal from the judgment came to this court it was transferred to the Supreme Court as being within its jurisdiction. *Meeks v. Kirkland,* 124 Ga. App. 452 (184 SE2d 366). Our Supreme Court rendered an opinion on February 11, 1972, ruling that the divorce decree upon which the appellant relied "was utterly void and ineffectual to vest in her any interest . . ." in the property as claimed. *Meeks v. Kirkland,* 228 Ga. 607 (187 SE2d 296).

In the instant appeal the plaintiff brought an equity action in the Superior Court of Fulton County claiming a half interest in the proceeds resulting from a sale of timber from said land. The basis of the equity action was the same divorce decree passed upon in the Supreme Court opinion and there ruled invalid as to the claim of an interest in the property.

The appeal in the instant case presented a number of ques-

tions as to procedure and substantive law but these have patently become moot by reason of the decision by the Supreme Court.

Accordingly in conformity with the provisions of *Code Ann.* § 6-809 (Ga. L. 1965, pp. 18, 29, as amended) the instant appeal is dismissed because the questions presented have become moot.

*Appeal dismissed. Hall, P. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 3, 1971—DECIDED FEBRUARY 28, 1972—REHEARING DENIED MARCH 21 AND MARCH 24, 1972.

*Wyman C. Lowe,* for appellant.
*Talley Kirkland,* for appellee.