### 35744. JEFFERIES *v.* THE STATE.

TOWNSEND, J. 1. An incriminatory admission or confession by a defendant in a criminal case, standing alone, is not sufficient to authorize conviction unless there is proof of the corpus delicti or other evidence aliunde tending to establish the guilt of the accused. Code § 38-402; *Devore* v. *State,* 7 *Ga. App.* 197 (1) (66 S. E. 484); *Ransom* v. *State,* 2 *Ga. App.* 826 (59 S. E. 101).

2. Where, as here, the defendant is tried on an accusation charging her with keeping, maintaining and carrying on a lottery jointly with four other defendants against whom there are accusations arising from the same transaction, and the only theory upon which the State proceeds against this defendant is that she was acting as a receiver of writers' lottery tickets brought to her by the co-defendants, evidence that such co-defendants were not in possession of writers' tickets at the time they came to her house, and their acquittal of the lottery charge in the same proceeding, demands the conclusion that the verdict of guilty as to this defendant is unauthorized and repugnant. There being no aliunde evidence of the corpus delicti, this defendant could be convicted in this

484

case only upon evidence that the co-defendants were guilty of possessing lottery equipment, and were bringing the same to her home for the purpose of maintaining and carrying on the lottery jointly with her. However, the acquittal of the four co-defendants in the joint trial is an adjudication contrary to this contention. While several persons may be jointly indicted and tried, and some convicted and others acquitted if the evidence so warrants, yet where all but one is acquitted and the evidence is such that more than one must be guilty for the crime to have been committed at all, the acquittal of the co-defendants renders void the conviction of the remaining defendant on the ground of repugnancy. Cf. *Martin* v. *State*, 115 *Ga.* 255, 256 (41 S. E. 576); *Roane* v. *State*, 97 *Ga.* 195 (22 S. E. 374).

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 12, 1955.

*Wesley R. Asinof*, for plaintiff in error.

*Richard Bell, Solicitor*, contra.

Venia Jefferies and four others were by agreement tried in the City Court of Decatur by the judge without a jury on accusations charging them with carrying on a lottery. The evidence established that certain officers stationed themselves in the defendant's home to "pick up lottery writers as they brought numbers in", that the other defendants appeared, were arrested and searched, but were not found in possession of writers' tickets or any other lottery paraphernalia except players' tickets. The officers had expected the co-defendants to bring in writers' tickets to this defendant whom they suspected of operating a pickup station. The evidence shows that the lottery is carried on by writers bringing in writers' tickets to such a station, and that players' tickets are not turned in to anyone but are kept by the players themselves. It also appears that one of the co-defendants had a purse from which one of the officers told the officer testifying in the case that he took a writer's ticket. This testimony was, however, disregarded by the trial judge as hearsay and without probative value. It would likewise be without probative value as against this defendant.

The State's witness further testified that the defendant had stated to him that "these individual writers brought the tickets in and turned them over to her." At the conclusion of the evidence the court entered up judgments of acquittal as to the

co-defendants and a judgment of conviction as to the plaintiff in error. The latter made a motion for a new trial on the general grounds, the denial of which is here assigned as error.