## 45308. GARY v. THE STATE.

DEEN, Judge. 1. The defendant was tried and convicted on April 17, 1969. Prior to trial he filed a special plea of insanity. The motion for new trial contends that because of his lack of mental capacity the movant was unable to assist his court-appointed counsel in the preparation of the defense. It also recites as a fact that: "Shortly before said trial, movant was adjudged insane and committed to the Central State Hospital on a special plea of insanity in the above styled case by order of Hon. George S. Carpenter, Judge, Superior Court, Ocmulgee Judicial Circuit, dated the 17th day of January, 1969." The motion is approved by the judge of the Ocmulgee Judicial Circuit and certifies that "the recital of facts contained in the foregoing amendment to and of the original motion for a new trial, except exhibits, is hereby approved as true and correct, and all of the grounds of the amendment are approved; and the amendment is hereby allowed."

"It is clear that *Code* § 27-1504 confers upon everyone the right to show insanity at the time of trial by a plea to that effect as provided by law, and when insanity is thus established, the law forbids his being tried while it exists." *Cardin v. Harmon,* 217 Ga. 737, 739 (124 SE2d 638). "It is true that where one has been adjudged insane the presumption is that such insanity continues until some adjudication to the contrary." *Orange v. State,* 77 Ga. App. 36, 40 (47 SE2d 756). Here the defendant properly filed his plea of insanity in the case and was adjudged insane exactly three months before his trial, and under *Code* § 27-1504 it would be unlawful to try him while such insanity

continued to exist. Whether or not the State might have proved as a matter of fact that he was sane on the date of trial regardless of the recent adjudication to the contrary, the presumption was against it and it offered neither a judgment restoring the defendant's sanity nor any evidence of sanity of probative value. The verdict and judgment of conviction must accordingly be reversed.

2. In the event the defendant may later be retried, it should be noted that, as to each of three vehicles, there was a count charging possession "knowing that an identification number of the vehicle has been removed and falsified with intent to conceal and misrepresent the identity of the vehicle," under *Code Ann.* § 68-434a(d) and a count charging possession "knowing that an identification number of the vehicle had been falsified" under *Code Ann.* § 68-434a(b). All of the latter count is merged in the former as to each vehicle. It was therefore also error to sentence the defendant consecutively on the theory that these counts, as to each vehicle and referring to the same transaction, constituted separate transactions. Since every fact necessary to be proved in Counts 2, 5 and 8 respectively are also included and necessary to be proved in Counts 3, 6 and 9 respectively, the defendant could not be twice sentenced as to each offense. *McGraw v. State,* 85 Ga. App. 857, 859 (70 SE2d 141).

> *Judgment reversed. Hall, P. J., and Evans, J., concur.* Submitted May 6, 1970—Decided July 6, 1970.

*Gardner & Peugh, Milton F. Gardner, James E. Peugh,* for appellant.

*George G. Lawrence, District Attorney,* for appellee.

*William V. Hall, Sr.,* amicus curiae.