### 46330. PORTER v. THE STATE.

PANNELL, Judge. Where in an indictment in Count 1, it is charged the defendant on a certain day did "unlawfully make an aggravated assault upon the person of Mamie Lackey Porter with intent to commit a violent injury and murder, by intentionally shooting Mamie Lackey Porter in the arm and in the abdomen

with a certain pistol, a deadly weapon, after accused's having intentionally pointed and aimed said pistol at Mamie Lackey Porter" and in Count 2 it is charged the defendant on the same day did "unlawfully have in his possession a firearm, to wit: a pistol, during the commission of and the attempt to commit the felony charged in Count 1 of this indictment," and where, as to Count 1, the evidence demanded a finding the defendant shot his wife twice, and only one of two findings was authorized (1) guilty of the act charged, or (2) not guilty of the act charged, a finding of guilty as to Count 2 is repugnant to the finding of not guilty on Count 1. See *Kuck v. State*, 149 Ga. 191 (99 SE 622). Nor can there be a lack of repugnancy on the theory that the jury could have found only "an attempt to commit the felony charged in Count 1," thus authorizing a verdict of guilty as to Count 2 and not guilty as to Count 1, as the felony charge in Count 1 was a charge of assault with a deadly weapon in an *attempt* to commit a felony. We know of no law authorizing the conviction for an attempt to commit a crime which itself is a particular type of attempt to commit a crime. The trial court, therefore, erred in overruling the defendant appellant's motion for new trial which complained that the trial court erred in failing to charge the jury that if the defendant was found not guilty on Count 1 he could not be found guilty of Count 2 of the indictment.

> *Judgment reversed. Bell, C. J., and Deen, J., concur.*
> ARGUED JUNE 28, 1971—DECIDED JULY 16, 1971.

*Charles D. Flinn, Jr.,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.