26775.   ROBERTS v. THE STATE.

NICHOLS, Justice. The defendant was indicted and convicted under each count of a four-count indictment. Each count was based upon a separate crime arising out of the same general conduct, to wit: Armed robbery (*Code Ann.* § 26-1902); aggravated assault with a deadly weapon (*Code Ann.* § 26-1302); theft of a motor vehicle (*Code Ann.* § 26-1813 (a) (1)); and possession of firearms during the commission of a crime (Ga. L. 1968, p. 982; *Code Ann.* § 26-9908a). The appeal is from such conviction. The sentences imposed upon the defendant were designated to run consecutively. *Held:*

1. Enumerations of error designated as 1, 2, 4 and 5 attempt to raise in this court for the first time alleged errors which were not raised in the trial court and accordingly present nothing for review. Compare *Moore v. Hanson,* 224 Ga. 482 (162 SE2d 429); *Turner v. Smith,* 226 Ga. 448 (2) (175 SE2d 653); *Swain v. State,* 162 Ga. 777 (6) (135 SE 187).

2. Enumeration of error number 3 complains of the conviction of 4 separate offenses arising out of one transaction. *Code Ann.* § 26-506 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

Under such definition it cannot be gainsaid that the defendant could not be indicted and tried for the first two crimes since each is a separate crime, one is not included in the other and neither prohibits a designated kind of conduct generally while the other prohibits specific instance of such conduct. Compare *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291), and citations.

As to the count of the indictment charging theft of an automobile, the Code section prohibiting such conduct reads in part as follows: "The theft of any motor vehicle . . . shall be a felony." As to armed robbery, the Code provides: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery. A person convicted of armed robbery shall be punished by death or imprisonment for life, or by imprisonment for not less than one nor more than 20 years."

A mere reading of such sections discloses that while theft

of an automobile may be committed without committing armed robbery, yet the theft of an automobile may constitute armed robbery. The evidence in this case which disclosed that the armed robbery for which the defendant was convicted constituted the same transaction within the meaning of *Code Ann.* § 26-506, supra, and the lesser crime of automobile theft under such circumstances was included in the crime of armed robbery of the same victim.

As to the separate crime of possession of a firearm during the commission of, or attempt to commit a crime, this also may or may not be included in the greater crime. In the case sub judice where the evidence disclosed that the crime of armed robbery was committed with the same firearm as that for the possession of which the defendant was tried, the lesser crime, possessing the firearm, was included in the greater crime of armed robbery.

Under the provisions of *Code Ann.* § 56-506, supra, the convictions of larceny of an automobile and possession of a firearm while committing or attempting to commit a crime punishable by confinement and labor in the penitentiary were unauthorized and such convictions must be set aside. The judgment of the trial court as to the first two counts of the indictment is affirmed and as to the second two counts is reversed with direction that such conviction be set aside.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

SUBMITTED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

Lonnie Richard Roberts, *pro se.*

*R. William Barton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, W. Hensell Harris, Jr., Deputy Assistant Attorney General,* for appellee.