## 46893. MORRISON v. THE STATE.

PANNELL, Judge. The defendant was indicted and convicted of the offense of burglary. After the verdict of guilty by the jury, the trial judge instructed the jury relative to the sentencing of the defendant, and in the course thereof, instructed them as follows: ". . . If you cannot, within a reasonable time, agree unanimously on the punishment, the Georgia Law says that your Judge is required, if you come out and state that you cannot agree on the punishment, and you are hopelessly deadlocked, then the Georgia Law requires your Judge to set the punishment. However it is the intent of the Georgia law that you Ladies and Gentlemen of the Jury, set punishment by unanimous agreement."

After hearing evidence, the jury retired and in about 15 minutes, requested they be permitted to return to the jury box. The following, thereafter, transpired: "The Court: Will the Foreman stand, please? Mr. Foreman, and Ladies and Gentlemen of the jury have you reached a verdict, or have you unanimously agreed on a sentence? The Foreman: Yes sir, we have agreed, but we

don't know whether you will accept it or not. The Court: All right, tell me what it is and I will tell you if I can accept it or not. The Foreman: *Twelve months without parole. We want him to serve twelve months.* The Court: All right, have a seat and I will explain it to you. You know I am bound by the Acts of the legislature and the decisions of our appellate courts and you are right, I can't accept the sentence. In other words, you have to set a determinate sentence and just leave it right there. In other words, if you want to set it at one year you have got that right, but you can't add anything on to it . . . Was it the unanimous decision of you ladies and gentlemen of the jury, that he receive one year. If it was then I can just instruct you that the remainder of that, not be written on the verdict, and the verdict would be. 'We the jury find the defendant guilty of burglary and fix his punishment at one year.' Have I made myself clear? Have you all agreed on one year, or do you want to go back, now that you have an answer to this question and the reason that I can't accept that. The reason that I can't accept that is because the Georgia Law says that your Superior Court Judge loses jurisdiction and has no authority to determine where a defendant serves his time, number 1, nor how long he serves. The only authority your Judge has is to have his sentence follow your verdict. Your Judge does have authority, if he sees fit, to probate a sentence that you might impose, but your Judge uses that authority very, very sparingly, and it is very very rare that your Judge ever probates a sentence. What I am saying is this, that I think you had probably better go back in the jury room and determine, now that you have the answers to these questions, if you want your verdict to read, 'And we find him guilty of burglary and fix his punishment at one year,' or do you want your verdict to read under some other term. I think you all had probably better go back in there and deliberate further. The Foreman: Your Honor, *we are so far apart.* There were some who didn't want to go

along with that. Could we put on there, one year and let you probate so many years? The Court: I will tell you what you can do. You can report to me that you are hopelessly deadlocked and then the responsibility for sentencing falls on your Judge, and I will sentence him. However, that is up to you. I am not suggesting what you do, but if you become hopelessly deadlocked on the length of the sentence, and I will ask you this, and I will ask all of the jurors to affirm that you are all hopelessly deadlocked, then your responsibility ceases, and I will sentence him. That is what the law says. You are first given the opportunity and if you honestly can't reach a unanimous verdict, and you have tried, and I would, of course, like for you all to decide it, but if you can't, you can't. Go back in the room, now that you have the answer to that question and see if you can reach a unanimous verdict, and if you can't and you become hopelessly deadlocked then you can come out any time. Just knock on your door and tell the Bailiff that you are hopelessly deadlocked and I will sentence him." (Emphasis supplied.) The jury returned to the jury room and shortly thereafter reported they were hopelessly deadlocked. After polling the jury, the trial judge then pronounced a sentence of a term of ten years. The defendant's motion for new trial was overruled and he appealed to this court. *Held:*

1. The trial judge gave the following charge to the jury: *"The burden is on the defendant to establish his alibi, not beyond a reasonable doubt but to the reasonable satisfaction of the jury that the defendant was elsewhere when the alleged crime was committed. If you believe that the defendant has established, to your reasonable satisfaction the defense of alibi, it would be your duty to acquit the defendant.* I further charge you that if the showing as to alibi has not been sufficient to show to your reasonable satisfaction that the defendant was elsewhere at the time of the alleged commission of the alleged offense and [then] any showing of alibi is to be considered by you on

the general case, along with the rest of the testimony and any reasonable doubt be raised by the evidence, as a whole, including the showing as to alibi, the doubt would be given to the defendant and should be given [in] favor of innocence and the defendant acquitted." (Emphasis supplied.) Exception was made to the portion italicized above. The charge given seems to fall within the ambit óf the decision of the Supreme Court in *Thornton v. State,* 226 Ga. 837 (3) (178 SE2d 193), rather than under the decision of this court in *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911) and *Pritchard v. State,* 122 Ga. App. 780 (178 SE2d 808) and is not error for any reason assigned.

2. While the charge of the trial judge in reference to conspiracy was inept in its expression, it did not amount to an expression of opinion as to the facts and was authorized by the evidence.

3. The evidence was sufficient to authorize the verdict of guilty.

4. The trial judge properly refused to accept the sentence found by the jury—one year, or without parole. The condition attached to the one year was beyond the authority of the jury. Whether or not the defendant would be paroled rested within the authority of the State Pardon and Parole Board, not the jury. Nor can we disregard the words "without parole" as surplusage, for the sentence would then be unconditional, and the board would have authority to grant parole, which would be contrary to the jury's finding. It was not within the province of the jury to find a determinate sentence which the defendant would be obligated to serve without the right of parole if the board saw fit to grant it.

5. We think it better practice not to charge the jury, when the case is submitted to them on the sentence hearing, that in the event they are unable to agree, the trial judge will fix or determine the sentence. This may tend to influence a jury to shirk the duty placed upon it, in the first instance, for the purpose of transferring it to

the trial judge. While, in most cases, it may be purely speculative as to whether a defendant is helped or harmed by such action, we are of the opinion that the initial charge in the present case, together with what subsequently transpired here, makes it likely that the defendant may have been harmed thereby. We accordingly, reverse the judgment of sentence with direction that another jury be impaneled for the purpose of making that determination. *Miller v. State,* 224 Ga. 627, 636 (163 SE2d 730); *Lingo v. State,* 226 Ga. 496 (1) (175 SE2d 657).

*Judgment reversed with direction. Quillian, J., concurs. Hall, P. J., concurs in the judgment only.*

ARGUED FEBRUARY 1, 1972—DECIDED APRIL 3, 1972.

*Greer, Sartain, Carey & Cromartie, Jack M. Carey, J. Nathan Deal,* for appellant.

*Clete D. Johnson, District Attorney,* for appellee.