## 47528. STURGIS v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of two counts involving the violation of the Uniform Narcotic Drug Act. Count 1 involved the unlawful possession of heroin. Count 2 involved the sale of heroin. The indictment alleges that both of these violations occurred on the same date. Defendant was also indicted, tried and convicted of two counts of misdemeanor, i. e., (1) carrying a pistol without a license and (2) carrying a concealed weapon. He received sentences of two years and six years to run consecutively as to the felonies. He likewise received a sentence of 12 months on each of the misdemeanors, running concurrently with each other, but said 12 months to follow the sentences in the felony convictions. The appeal is from his conviction and sentence and from the order denying his motion for new trial as amended. *Held:*

1. Defendant contends the court erred in attempting to charge the substance of Code Ann. § 26-506 (New Criminal Code, Ga. L. 1968, pp. 1249, 1267) in that it was erroneous, misleading, prejudicial and in conflict with the statute. This is the sum and substance of the argument. At no place in the brief has it been pointed out where, in the charge, this alleged excerpt occurred. We deem this complaint to be abandoned by reason of the failure to properly argue this enumeration of error and in failing to follow Rule 18 as to structure and content. *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (1) (160 SE2d 228); *Askew v. State,* 117 Ga. App. 647 (1)

(161 SE2d 445); *Hall v. State,* 117 Ga. App. 649 (1) (161 SE2d 374).

2. Code Ann. § 26-506 provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is *included* in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." (Emphasis supplied.) The indictment shows the offenses allegedly took place on the same date. The evidence conclusively shows that the defendant's arrest arose out of a single transaction. Thus, the defendant's conviction of the offense of illegally *selling and distributing* heroin necessarily included the offense of *possessing* heroin. It was proper to indict for both offenses and to try both offenses together under the above statute, but the court erred in allowing a conviction on both counts, and erred in his charge to the jury in respect thereto. See *Wells v. State,* 126 Ga. App. 130 (2) (190 SE2d 106); Benton v. Maryland, 395 U. S. 784 (3, 4) (89 SC 2056, 23 LE2d 707); Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300). The above Federal decisions hold that the greater crime included the lesser offense, and that the double jeopardy prohibition of the Federal Constitution is likewise applicable to the states.

This decision is not in conflict with the decision of the Supreme Court in *Gee v. State,* 225 Ga. 669 (171 SE2d 291), in which both the date of the offense (November 21, 1968) and the trial of the case (March 19, 1969) occurred prior to the effective date of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267). Consequently, the decision rendered in *Thompkins v. State,* 126 Ga. App. 683 (191 SE2d 555), which relies on

*Gee v. State,* supra, is erroneous and is specifically overruled.

*Judgment reversed. Bell, C. J., Quillian, Clark and Stolz, JJ. concur. Hall, P. J., Eberhardt, P. J., Pannell and Deen, JJ., dissent.*

SUBMITTED SEPTEMBER 7, 1972— DECIDED JANUARY 11, 1973— REHEARING DENIED FEBRUARY 6, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Carter Goode,* for appellee.

DEEN, Judge, dissenting. I disagree with the conclusions reached by the majority in this case for the same reason set out in the second division of my dissent in *Burns v. State,* 127 Ga. App. 828, because we are bound by *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291) holding as follows: "The possession of drugs in violation of the Georgia Drug Abuse Control Act, and the selling of the same drugs, are in law separate and distinct crimes and each is punishable," the citations contained therein, and the statement that "there are different elements present in the two crimes of selling and possessing the prohibited drugs." The majority of the Court of Appeals have attempted to distinguish *Gee* on the ground that it was decided prior to the effective date of the 1968 Georgia Criminal Code. As was pointed out in my prior dissent, I do not find that the new code changed the law as related to proof of these two offenses.

Furthermore, *Gee* has been cited by our Supreme Court *since* the effective date of the present Criminal Code. *Roberts v. State,* 228 Ga. 298, 299 (185 SE2d 385). It is still controlling law on this point. None of the cases cited in the majority opinion bears on the question. Price v. Georgia, 398 U. S. 323, supra, holds that one tried on a murder indictment, acquitted of murder and convicted of manslaughter, may be retried on the manslaughter

charge only after a reversal. Benton v. Maryland, 395 U. S. 784, supra, holds that one acquitted of larceny and convicted of burglary may be retried on the burglary charge only after reversal. In each of those cases the *jury* acquitted on one of the two counts involved. Here the jury convicted on both, and our only question is whether the possession of drugs and the sale of drugs constitute one crime or two crimes. *Gee v. State* says explicitly that they constitute two crimes.

I am authorized to state that Presiding Judges Hall and Eberhardt, and Judge Pannell concur in this dissent.