## 47775. THOMAS v. THE STATE.

QUILLIAN, Judge.   The defendant was indicted and convicted on two counts: burglary and possession of a firearm during the commission of a felony. Judgment was duly entered upon the verdict and the defendant appeals to this court. *Held:*

1. The first enumeration of error complains that the trial court, after having sustained the defendant's objection to certain testimony, erred in refusing to instruct the jury to disregard this testimony. The witness had previously made precisely the same statement without objection. As held in *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53), the Act of 1971 (Ga. L. 1971, p. 460) enacting Code Ann. § 38-1713, deals with the waiver of an objection to evidence, and not to "harmless error which results from legally admissible evidence rendering harmless the admission of incompetent or inadmissible evidence of the same fact." See *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (6) (187 SE2d 327). The refusal to instruct the jury to disregard the testimony to which objection was sustained was therefore not harmful error.

2. The second and third enumerations of error contend that the evidence was insufficient to sustain the

defendant's conviction of burglary and of possession of a firearm during the commission of a crime.

Briefly stated, there was evidence that the building of the Jean Shop, Inc. was broken into; that police officers investigating the disturbance saw two black suspects at the scene; that shots were exchanged between the suspects and the officers; that one of the suspects stumbled as if he had been shot by one of the officers' bullets. One of the city policemen testified that as he was reloading his gun he saw the defendant, illuminated by light from the sheriff's car, approximately 8 to 10 feet from the hole in the Jean Shop's wall; that the defendant subsequently fled from the scene. There was also testimony by this officer that he and another officer found an Oldsmobile automobile on an adjacent street whose engine was still warm; that they placed such car under surveillance; that the defendant and another drove up to the car and that the defendant got in and proceeded to drive the Oldsmobile; that they then arrested him. At the time of his arrest the defendant was in possession of a .38 caliber pistol which contained 5 fired rounds and 1 round which had misfired. The defendant had a wound on his arm which the doctor who treated him testified was a bullet wound.

The evidence adduced authorized the defendant's conviction under both counts of the indictment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 3, 1973 — DECIDED FEBRUARY 1, 1973.

*Alexander & Jarrard, Alan M. Alexander, Jr.,* for appellant.

*Harry N. Gordon, District Attorney,* for appellee.