## 27917. JACKSON v. THE STATE.

HAWES, Justice. The appellant was tried on a 2-count misdemeanor indictment for carrying a pistol without a license and for carrying a concealed weapon, pursuant Code Ann. §§ 26-2903 and 26-2901, and on a 1-count felony indictment for armed robbery. Both indictments were the result of acts concurrent with the commission of the armed robbery. The jury returned a verdict of acquittal to the charge of carrying a pistol without a license but convicted on the charge of

carrying a concealed weapon and on the charge of armed robbery. On appeal, the appellant enumerates error on the order of the trial court overruling his motion for new trial on the ground the verdicts of the jury are inconsistent and repugnant, asserting the verdict of conviction must be voided because the finding of acquittal to the misdemeanor charge eliminated an essential element of guilt under the charge of armed robbery, thereby rendering such conviction for the latter without sufficient evidence in support of it.

The rule of *Kuck v. The State,* 149 Ga. 191 (1919) (99 SE 622), is not applicable in the present case. In *Kuck,* and similar cases, this court established the rule of construction with regard to the joint prosecution of multiple offenses having a similar or related factual basis that where there is a verdict of not guilty on one count and a verdict of guilty on another and the former necessarily determines that the evidence failed to establish a fact which is an essential ingredient of the offense charged in the other count, then in determining whether the evidence was sufficient to sustain the finding of guilt the court must exclude from consideration the fact so found in favor of the accused. In such cases the question of law for the court always is whether, outside the fact eliminated by the verdict of not guilty, the evidence was sufficient to warrant the conviction. See also *Porter v. State,* 124 Ga. App. 285 (183 SE2d 631) (1971); *Jeffries v. State,* 92 Ga. App. 483 (88 SE2d 713) (1955), and *Finch v. State,* 87 Ga. App. 426 (74 SE2d 121) (1953). However, the court is not privileged to invade the province of the jury and avoid its verdicts unless from clear necessity, and the rule is to be applied only in cases in which such verdicts are in irreconcilable conflict. Code Ann. § 27-2301.

In view of the nature of the offenses in the present case, all associated with a single transaction, the verdicts

under consideration could be considered inconsistent only if the verdict of acquittal on the charge of carrying a pistol without a license necessarily represented a finding by the jury that the appellant did not possess a pistol during the commission of the robbery, the presence of such weapon being an element of the offense of armed robbery as charged. However, the necessity of such finding is precluded by the presence of the added element of the charge to which appellant was acquitted and which does not form an element of the charge of armed robbery, which being the absence of a license to carry the pistol, and as well by the jury conviction on the charge of carrying a concealed weapon. At most, the acquittal represented a determination that the state failed to carry its burden of showing that the appellant was not licensed to have on his person the pistol at the time the offense of armed robbery was committed.

There is no merit in the appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 15, 1973 — DECIDED MAY 24, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Richard E. Hicks, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.