## 47705. SULLIVAN v. THE STATE.

EVANS, Judge. The defendant in this case was acquitted of carrying a pistol without a license. He was also acquitted of carrying a concealed pistol (not openly exposed to view). He was convicted of aggravated assault, shooting another with a pistol. Defendant appeals, contending the guilty verdict of shooting another with a pistol, and thus committing an aggravated assault, is

repugnant to the verdict of not guilty as to carrying a concealed weapon, and not guilty as to carrying a pistol without a license.

The defendant could have committed aggravated assault by shooting another with a pistol, even though the pistol was licensed and even though it was not concealed. Thus, there is no repugnancy between the verdict of guilty of shooting another, and the verdicts of not guilty of carrying a pistol without a license, and not guilty of carrying a pistol concealed.

The shooting took place in a crowded dance hall. While the victim testified that the defendant shot him with a pistol (aggravated assault) which he pulled from his shirt (concealed weapon), the jury, under all the facts and circumstances and the testimony of other witnesses could believe the victim in whole or in part. That is their prerogative. *Adams v. Adams,* 218 Ga. 67 (4) (126 SE2d 769); *Powell v. Blackstock,* 64 Ga. App. 442 (5) (13 SE2d 503). There was evidence that the defendant's shirttail was tucked in. There was contradictory evidence that his shirttail was out. The jury, thus, could have found that the state failed to carry the burden of proving beyond a reasonable doubt that the defendant was carrying a concealed pistol. At the same time there was sufficient evidence from which the jury was authorized to find, as they did, that he committed aggravated assault with a pistol. A .22 caliber pistol was found on the floor following the shooting. The victim was shot with a .22 caliber pistol. The weapon found on the floor was never identified as the one from which the shot was fired or the gun the defendant had in his hand when he committed the aggravated assault. There is a strong inference that the pistol found on the floor was the weapon used by the defendant. There is also other circumstantial evidence going to this fact and some direct. The victim himself testified that he saw the pistol in the defendant's hand and that he was shot with it. The state must prove the defendant's guilt; the accused does not have to prove his innocence.

There simply was no evidence as to whether or not the defendant had or did not have a license to carry a pistol. The absence of sufficient proof to satisfy the jury of the defendant's guilt of carrying an *unlicensed* pistol and carrying a concealed pistol, does not carry with it the conclusion that the defendant could not have committed the aggravated assault with *a pistol.* The jury simply found that it could not determine beyond a reasonable doubt whether the pistol used in the assault was concealed, or unconcealed, licensed, or unlicensed, prior to the assault itself.

The evidence must be construed most strongly in favor of the verdict that was rendered, with the approval of the trial court. See *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Ryder v. State,* 121 Ga. App. 796 (3) (175 SE2d 882).

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Pannell, Quillian, Clark and Stolz, JJ., concur. Deen, J., concurs specially. Hall, P. J., dissents.*

Submitted January 4, 1973 — Decided June 18, 1973 — ▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Isaac Jenrette,* for appellee.

Deen, Judge, concurring specially. I concur with the majority opinion in this case. See *Jackson v. State,* 230 Ga. 640.

It is my view that what is said in the majority opinion in this case is indubitably inconsistent with what is held in *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189) and *Sturgis v. State,* 128 Ga. App. 85 (195 SE2d 682). The law applicable to merger of lesser includable crimes and the doctrine of inconsistent and repugnant verdicts must be uniformly applied in all cases.

Hall, Presiding Judge, dissenting. First of all, I recognize that consistent verdicts are not required in most jurisdictions, including the federal, and that our rule against repugnant verdicts necessarily takes away from the jury an opportunity for leniency; nevertheless, such a conviction cannot stand under Georgia law. See also *Kuck v. State,* 149 Ga. 191 (99 SE 622); *Porter v. State,* 124 Ga. App. 285 (183 SE2d 631); and *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435). Until these decisions are overruled we must follow the precedents of both the Supreme Court and this court. The important thing here is not the result desired on appeal but the rule of law.

Defendant appeals from his conviction for aggravated assault (shooting with a pistol). He was acquitted of the charges of carrying an unlicensed pistol and carrying a concealed pistol. Defendant contends the verdicts of not guilty on the misdemeanor pistol charges are inconsistent and repugnant to the conviction, which therefore cannot be sustained.

The doctrine of repugnant verdicts is not, as the state contends, restricted to offenses having the same essential elements. It also encompasses verdicts which are logically inconsistent. See

*Studddard v. State,* 124 Ga. App. 713 (185 SE2d 775). The shooting here took place in a crowded dance hall at the end of the evening. The victim testified that the defendant pulled a pistol from under his shirt the instant before the shooting occurred. The victim's lady friend, who was close at hand during the shooting, testified that she did not see a pistol at any time, but that defendant had told her earlier in the evening that he was carrying one tucked in his belt beneath his shirt which was hanging loose outside his trousers. The defendant testified under oath that he was not carrying a pistol at all and did not do any shooting. Two witnesses for the defendant said they had not seen any pistol on or about him that evening. There was absolutely no evidence that defendant had been carrying a pistol openly or had procured one from some place just immediately before the shooting. Therefore, under the evidence, the jury would have been authorized to find only that defendant had been carrying a concealed pistol or that he had none at all. The acquittal on the concealed pistol charge can only logically mean the jury believed he did not have one; but the conviction for assault by shooting directly contradicts this finding.

It is contended that the shooting *could* have occurred even though the pistol was not concealed. I agree with this as an abstract statement unrelated to the evidence in this case. However, we cannot brush aside the uncontradicted evidence which demands a finding that the defendant was not carrying a pistol openly. The jury does not have the prerogative of believing the victim's testimony that the defendant shot him while simultaneously disbelieving his testimony that he saw the defendant pull the gun from under his shirt just immediately before the shooting. *Adams v. Adams,* 218 Ga. 67 (4) (126 SE2d 769) does not support this position. It holds that the jury may disregard uncontradicted evidence "when it is in conflict with reasonable inferences . . . drawn from proven facts and circumstances" and when "it may be inherently subject to discredit, or so from the circumstances." P. 78. The testimony of the very victim and his friends cannot possibly fit the "inherently discreditable" category, and there are *no* other proven facts here from which a reasonable inference could be drawn that defendant was carrying a pistol openly.

It is also contended that the offense of carrying a concealed pistol ceased by its exposure for the purpose of shooting. This reason would present the anomalous result that one can be convicted for carrying a concealed weapon used in an assault only if one shoots

*through* the concealing clothing; shoots the victim in the back so he cannot see the weapon as it is drawn; or kills the victim so he cannot testify to having seen it.

The statute prohibiting the carrying of concealed weapons does not contemplate that instant before an assault occurs. The clear purpose of the statute is to protect the public from an unknown danger, i.e., if a man is armed, he must be armed openly so that those who must deal with him can regulate their words and conduct accordingly. It is too late, once the assault has begun, to take the factor of a deadly weapon into consideration except to attempt to avoid being killed. The offense occurs *before* the onset of the assault.

I would reverse the judgment.