48160. ESTEVEZ v. THE STATE.

QUILLIAN, Judge. The defendant was indicted and convicted on two counts, one for possession of cocaine and the other of unlawfully

offering cocaine for sale. The defendant filed an appeal and the case is here for review. *Held:*

1. Enumeration of errors numbers 6, 7 and 8 contend it was error to admit in evidence a bag of marijuana and also in not giving special instructions to the jury in regard to this evidence. There was no request made for special instructions to be given the jury. *Conley v. State,* 73 Ga. App. 53 (4) (35 SE2d 569). There was no objection made when a detective testified that he found the "suspected marijuana" in the kitchenette of the appellant's room. It was not error to admit the exhibit, since substantially the same evidence was admitted without objection. *Whippler v. State,* 218 Ga. 198 (126 SE2d 744); *Cummings v. State,* 226 Ga. 46 (172 SE2d 395); *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53).

2. The defendant argues that it was error for the trial court not to require the state to produce an informer who was a witness to the transaction which resulted in the appellant's arrest. While it is true that the informant was a witness to the transaction, the informant's testimony was not essential to the defendant's conviction. The fact that the informant is a witness is not controlling where such evidence is not necessary to obtain a conviction. United States Ex Rel. Abbot v. Twomey, 460 F2d 400, 402 (2). In Roviaro v. United States, 353 U. S. 53, 62 (77 SC 623, 11 LE2d 639), it is stated: "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." In the case sub judice no error was committed by refusing to require the state to produce the informer.

3. The defendant contends: "The trial court erred in submitting both counts of the indictment against appellant to the jury where the contraband or evidence allegedly *possessed* by appellant in Count 1 (State's Exhibit No. 2) was the *same* evidence upon which the charge of selling (Count 2) was based; all arising out of the *same* transaction, in violation of Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267)." With the defendant's contention we agree. In *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189), it was held: "The contention of the defendant is that the possession and sale of

marijuana on the same day and the possession and sale of heroin on the same day merged, and that the court thus erred in charging the jury that it might convict the defendant of separate counts and in thereafter entering judgment against the defendant on the separate counts and sentencing him on the separate counts. Defendant contended there was a merger of several of the crimes charged. 'When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.' § 26-506, Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267). The offense of sale of marijuana and heroin necessarily included the offense of possession of marijuana and heroin, that is, unless the evidence showed they were on different occasions on the same date. But in this instance the evidence showed that there was a merger of certain of the counts of possession and sale; thus, under the Criminal Code the doctrine of merger is still the law in this state. See *Walden v. State,* 121 Ga. App. 142 (4), 146 (173 SE2d 110); *Gary v. State,* 122 Ga. App. 151 (2) (176 SE2d 478); *Wells v. State,* 126 Ga. App. 130 (2) (190 SE2d 106)." The conviction and judgment as to Count 1 of the indictment must be set aside. *Roberts v. State,* 228 Ga. 298 (185 SE2d 385).

4. The trial court erred in failing to instruct the jury in regard to reducible felonies. Code Ann. § 26-3101 (Ga. L. 1968, pp. 1249, 1334). We therefore reverse with direction that another jury be impaneled for the purpose of determining sentence. *Morrison v. State,* 126 Ga. App. 1, 4 (189 SE2d 864); *Miller v. State,* 224 Ga. 627 (163 SE2d 730).

5. The remaining enumerations of error are without merit.

*Judgment reversed with direction. Bell, C. J., Clark and Stolz, JJ., concur. Evans, J., concurs specially. Hall, P. J., Eberhardt, P. J., Pannell and Deen, JJ., dissent.*

Submitted April 30, 1973 — Decided October 16, 1973 — Rehearing denied November 9, 1973 —

*Garland & Garland, John A. Nuckolls,* for appellant.

*Lewis R. Slaton, District Attorney, Dennis S. Mackin, Morris H. Rosenberg, Carter Goode,* for appellee.

Evans, Judge, concurring specially. In Division 3 of the majority

opinion it is held that Count 1 of the indictment (possession of illegal drugs) is merged with Count 2 (offering illegal drugs for sale). In other words, it is held in effect that defendant could not have offered the drugs for sale unless he possessed same. In the case of *Ansley v. State,* and *Petree v. State,* 124 Ga. App. 670 (185 SE2d 562), I wrote a lengthy dissenting opinion (pp. 677-687), in which I undertook to convince my eight associates on this court that there was a merger of offenses in that case, but without success. Count 1 charged defendants unlawfully solicited a bribe to *use his influence and obtain his vote* to secure passing of a certain zoning resolution; which Count 2 charged defendants unlawfully solicited a bribe *to attempt to procure passage of legislation* before the Board of Aldermen as to the same zoning resolution.

Of course, there was no difference whatever between the two counts, as "using his influence and obtaining his vote" was exactly the same thing as "attempt to procure passage of legislation."

And while I could not secure the agreement of any of my brethren as to *merger* in the *Ansley* and *Petree* case, supra, I agree with the majority opinion in this case that Count 1 of the indictment (as to possession of illegal drugs) merges with Count 2 (as to offering illegal drugs for sale).

DEEN, Judge, dissenting. The majority opinion holds that the lesser crime of illegal possession of cocaine merges with the greater crime of selling. This is contrary to *Jackson v. State,* 230 Ga. 640 (198 SE2d 666) which held that the lesser crime of illegal possession of a pistol is a separate crime from armed robbery with the presence or possession of the same pistol, and is likewise opposite to *Smith v. Ault,* 230 Ga. 433 (1) (197 SE2d 348). "The offenses of burglary and possessing burglary tools are separate and distinct, and an accused may be convicted of both offenses, even though they are committed in the same transaction."

The majority is diametrically different from *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291): "The possession of drugs. . . and the selling of the same drugs, are in law separate and distinct crimes and each is punishable." There is no merger of the lesser crime of possession in the latter three Supreme Court cases.

This court has attempted to distinguish *Gee,* supra, on the ground that it was decided prior to the effective date of the 1968 Georgia Criminal Code. *Jackson* and *Smith,* supra, along with *Roberts v. State,* 228 Ga. 298, 299 (185 SE2d 385) were all decided subsequent to the effective date of the present criminal code, the latter case

citing *Gee,* supra, with approval. Compare and see: *Thomas v. State,* 128 Ga. App. 32 (195 SE2d 681); *Sullivan v. State,* 129 Ga. App. 231 (199 SE2d 373); *Reeves v. State,* 128 Ga. App. 750 (197 SE2d 843); *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189); *Sturgis v. State,* 128 Ga. App. 85 (195 SE2d 682). I must respectfully dissent, as those convicted of lesser crimes of illegal possession of narcotics must be fed out of the same spoon of punishment as those convicted of the lesser crimes of illegal possession of weapons and burglary tools. The merger statute applies equally to all crimes.

I am authorized to state that Presiding Judges Hall and Eberhardt and Judge Pannell concur in this dissent.