## 52710. PASCHAL v. THE STATE.

QUILLIAN, Judge.

Defendant appeals his conviction for burglary and sentence of fifteen years confinement. We affirm the conviction but reverse as to the sentence. *Held:*

1. Although the evidence is circumstantial in nature, the enumerations of error as to its sufficiency, the general grounds, and the failure of the trial court to grant the defendant's request for a directed verdict of acquittal, are without merit. The evidence supports the verdict.

2. Defendant asserts that the state failed to prove "lack of permission or authority." The co-owner's testimony showed that he locked the building on the evening of the burglary and when he reopened the next morning he found the safe missing and the "back door had been smashed in. . ." The co-owner did not know the

defendant. We find such evidence to be clear and convincing on the issue of lack of authority. *Ward v. State,* 132 Ga. App. 597 (208 SE2d 611); *Brant v. State,* 132 Ga. App. 631 (208 SE2d 636).

3. On the evening of the burglary, a janitorial service had cleaned, waxed, and buffed the floor. The co-owner locked the building when they finished. When he unlocked the door the next morning he discovered the burglary had been committed. Black marks on the floor indicated the path where the safe was transferred from the office to the back door. Near "one of these black marks on the floor was a lot of footprints . . . some of them were barefooted . . . some of them were sneaker tracks." One of the prints of a bare foot had been lifted and compared with the footprint of the defendant. A fingerprint expert from the State Crime lab testified that they were the same.

In closing argument to the jury the district attorney was asked by a member of the jury whether the floor had been cleaned and waxed "the night before or the same night." The district attorney responded, "The same night." Defendant's objection and motion for a mistrial were overruled. However, after argument and instructions to the jury, the judge recalled the jury and directed their attention to this issue and instructed them "to disregard the affirmative answer of [the district attorney] and completely disabuse your minds of his answer and make up your minds based on the evidence as you remember the evidence was presented in the trial." The court then admonished the district attorney for answering the question and directed the jury to start their deliberations.

"The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial." *Jones v. State,* 128 Ga. App. 885, 886 (198 SE2d 336). "As the trial court excluded this testimony and instructed the jury to disregard it, we can find no abuse of discretion." *Gasaway v. State,* 137 Ga. App. 653, 657 (224 SE2d 772). Furthermore, mere repetition of evidence introduced at trial could not have been harmful to defendant. *Thomas v.*

*State,* 128 Ga. App. 32 (1) (195 SE2d 681); *Gasaway v. State,* 137 Ga. App. 653, 657, supra.

4. The prosecution established the qualifications of the state witness who gave the comparison testimony of the footprint found at the scene of the crime with that of the defendant. He had received six months in classroom training in fingerprint identification, was employed with the Federal Bureau of Investigation for six years in that capacity and trained new employees for the FBI for the last two years, and he has been with the State of Georgia for two years in the capacity of a fingerprint expert. The question of whether or not a witness is entitled to be designated as an expert is within the sound discretion of the court (*Merrill v. State,* 130 Ga. App. 745, 753 (5) (204 SE2d 632)), and an appellate court will not disturb such ruling unless the court's discretion is manifestly abused. *Braswell v. Owen of Ga.,* 128 Ga. App. 528, 532 (5) (197 SE2d 463). Where a witness is qualified and testified as an expert it was not error to charge the jury with regard to expert testimony (*Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254 (4b) (60 SE2d 815)), particularly where "the opinion of the expert had been admitted in evidence without objection. . ." *Pritchett v. Moore,* 125 Ga. 406 (2) (54 SE 131). This enumeration is without merit.

5. The district attorney asked the police investigator: "Did Edward Paschal ever deny to you that he ever robbed that store?" Defendant's objection was sustained. Counsel then asked: "Did he ever tell you where he was that night? A. He offered no explanation whatsoever." The witness did not answer the first question.

We recognize that the first question is the type condemned by United States v. Hale, 422 U. S. 171 (95 SC 2133, 45 LE2d 99) (1975), and *Lowe v. State,* 136 Ga. App. 631 (222 SE2d 50). However, the defendant did not object to the second question — which may or may not be of the same genus. Appellate courts exist to review asserted error but where the defendant made no objection or obtained a ruling of the trial court, it cannot be made the basis of appellate review as there is no ruling to review. *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8).

6. After the jury returned its verdict the trial court (Superior Court of Troup County) stated: "You know the Court will take judicial notice of its own judgment and decree . . . you recall back in . . . 1969, that you were sentenced to five years in Heard Superior Court for Larceny of a House." The judge thereafter recalled "two counts of burglary in the Superior Court of Troup County . . . And, I won't go into all of these others that you've got here. Alright. Now, the Court sentences you to fifteen (15) years in the State Correctional Institute."

Defendant's counsel advised the court that neither counsel had been served with any prior record to be introduced as aggravation and they were unable "to accept the legitimacy and admissibility of . . . those prior convictions . . . whether . . . Edward Paschal, had attorneys at that time . . . or whether he made a voluntary waiver of his rights to have an attorney." Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357) provides that "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." The legislature expressly provided for consideration of prior convictions and concomitant conditions for admissibility. We are aware of no exception permitting a trial judge to judicially note prior convictions of his own court without compliance with the statute, and counsel has cited none. See *Doyal & Assoc. v. Blair,* 138 Ga. App. 314, 315 (226 SE2d 109).

The Supreme Court in *Munsford v. State,* 235 Ga. 38 (218 SE2d 792), had before it a report of other offenses of defendant that had not been shown him. They held that since the report was not used "by the trial judge to increase the length of the sentence imposed in the case, we find no cause for reversal." 235 Ga. at 46. In the instant case we have the reverse situation. We have no doubt that the trial judge used the prior convictions to increase the sentence. See Criminal Code of Georgia, Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287).

In *Van Voltenburg v. State,* 138 Ga. App. 628, this court had a similar issue, objected to on the same two grounds. We held that defendant was correct on both grounds, and that under the test set by *Munsford,* the sentence was erroneously imposed, and the case must be

remanded for a new sentencing hearing.

*Appeal remanded with direction. Deen, P. J., and Webb, J., concur.*

Submitted September 15, 1976 — Decided October 13, 1976.

*Gordon & Newman, Ken Gordon, Joseph D. Newman,* for appellant.

*William F. Lee, Jr., District Attorney,* for appellee.